[No. 8767B.  Department One.  June 2, 1910.]

*In the Matter of the Estate of* BENJAMIN G. W.
LICHTENBERG, *Deceased.*

S. NEWTON LEO *et al., Appellants,* v. BENJAMIN
LICHTENBERG, *Administrator, Respondent.*[1]

EXECUTORS AND ADMINISTRATORS—ALLOWANCE FOR SERVICES—IN
VESTIGATING CLAIMS. It being the duty of an administrator to investigate and report upon all claims of creditors of the estate, an administrator is entitled to an allowance for attorney's fees required
for the investigation of a third person's claim to ownership of a half
interest in the estate which was based upon mutual accounts and
dealings between the deceased and his brother for whom it was
alleged deceased held the property in trust; since investigation
might prove the claimant to be a creditor, and since the law takes
an interest in distributing the estate to the legal heirs.

SAME—ALLOWANCES—ATTORNEY'S FEES — AMOUNT — DISCRETION.
Allowances to administrators for attorney's fees are largely discretionary, and no abuse of discretion appears, considering the value
of the estate and all the circumstances, where $1,500 was allowed for
the probating of a will and investigating a third person's claim to
a half interest in an estate of the value of $62,860, the attorneys
having examined books and correspondence, and consulted with New
York counsel for claimant during a period of a week or ten days.

Appeal from a judgment of the superior court for King
county, Robert H. Lindsay, Court Commissioner, entered
December 24, 1909, approving the final account of an executor, and allowing attorney's fees, after a hearing before the
court. Affirmed.

*Leopold M. Stern* (*J. W. Russell,* of counsel), for appellants.

*Godman & Embree,* for respondent.

MORRIS, J.—Benjamin G. W. Lichtenberg, at the time of
his death, was a resident of New York. He left a will, by
the terms of which appellants were nominated executors and

[1]Reported in 109 Pac. 48.

trustees. The will was admitted to probate in New York, and deceased having acquired real property in Seattle, the will was in due time admitted to probate in King county, and Benjamin Lichtenberg appointed administrator with the will annexed. He qualified and proceeded to administer upon the estate in King county, the value of which estate is returned at the sum of $62,860. Upon the filing of his final account as such administrator, he asked for an allowance as attorney's fees, which was granted after a hearing, and the sum fixed at $1,500.

The services rendered by the attorneys were such services as are usually incident to the probating of a foreign will, and such as would ordinarily be required in the administration of an estate of this character and value. In addition, the widow of a deceased brother of decedent made claim to an undivided half of the King county property, asserting that deceased held the title to this property in trust for her husband, and in support of this claim, she produced certain account books and correspondence between the two brothers. This claim was investigated by the attorneys for the administrator, who examined the books and correspondence, and the matter was deemed of sufficient importance to call for a consultation with the New York counsel for appellants, and such consultation was held at Seattle during a period of a week or ten days.

Appellants suggest that the attorneys for the administrator are not entitled to compensation for their services in this regard, it being no part of the administrator's duty to settle or determine the estate as between rival claimants, and that, in case Mrs. Lichtenberg should seek to enforce any claim to establish her interest in the King county property, such proceedings would not be directed against the administrator, nor would he be required to defend as against such claim of interest. Doubtless most of this contention is correct, but it does not necessarily determine the question. It is, by statute, made the duty of the administrator to investigate

and report upon all claims of those claiming to be creditors of deceased, and to advise the payment of all such claims as appear to be just and proper, it being the declared policy of the law that the rights of creditors are superior to those of heirs. And while a claimant to ownership of any part of an estate is in no sense a creditor of the estate, yet where the claim is made, based upon mutual accounts and dealings between the deceased and the claimant, it might be that the investigation of such accounts would show an indebtedness of the estate growing out of the transactions relied upon to establish the alleged interest. We do not know what the nature of Mrs. Lichtenberg's claim was, nor how she sought to evidence it, other than that she produced account books and correspondence for the examination of the administrator and his attorneys. That the matter was deemed of some importance is apparent from the fact that the New York counsel for appellants consulted with the attorneys of the administrator, doubtless for the purpose of determining what would be the attitude of the estate toward such claim.

Ordinarily the only services for which an administrator or executor will be allowed are such as are beneficial to the estate. This, however, does not mean that, when the result of services undertaken in good faith is not of pecuniary or other benefit, but rather results in loss, such services should be disallowed. 11 Am. & Eng. Ency. Law (2d ed.), 1242; *In re Statler's Estate, ante* p. 199, 108 Pac. 433. The law takes an interest in distributing an estate to the proper and legal heirs. Thus, if it should appear that persons not recognized in the will as such should claim to be children of a testator, and thus entitled, if asserting a true claim, to the same distributive share of the estate as if the will had not been made, would it not be the duty of an executor to make some investigation into such a claim, and would any court refuse a proper allowance for services of attorneys who might be called upon to aid him? We think not. And yet it might be as well said in such an instance as

now contended by appellants, that the only interest of the executor was to conserve the estate for the benefit of those to whom it might finally be distributed. We are, therefore, of the opinion that the services rendered the administrator in the investigation of Mrs. Lichtenberg's claim are a proper charge against the estate.

The proper fee to be awarded attorneys in probate proceedings is a difficult matter to be determined. So many things enter into such a consideration that no rule or standard can be laid down which will alike fit all cases, or by which the value of such services can be measured. Hence, it is one of those matters that must rest largely in the sound discretion of the trial court, and which should not be interfered with upon appeal, except for a manifest abuse of such discretion. Such we believe to be the general rule. The sum awarded in this instance was a liberal allowance, but considering all the circumstances as detailed by the record, and the value of the estate, which we have held to be a proper matter of consideration in fixing attorney's fees, we cannot say there has been such an abuse of discretion as to call for interference on our part.

The judgment is affirmed.

RUDKIN, C. J., CHADWICK, FULLERTON, and GOSE, JJ., concur.