[No. 15492. Department Two. February 3, 1920.]

*In the Matter of the Estate of* AGNES GEISSLER.

W. W. ZENT *et al., Appellants,* v. FRANK J. GEISSLER, *Executor, Respondent.*[1]

APPEAL (219)—NOTICE—SERVICE ON ATTORNEYS—EFFECT. Upon an appeal in a will contest, attorneys who were allowed a fee by the court below cannot claim want of notice of the appeal affecting the judgment for their fees, where they were served as attorneys for the contestant and appeared and resisted the appeal.

APPEAL (477, 483)—DECISION—SCOPE—EFFECT ON ATTORNEY'S FEES. The reversal of a judgment in a will contest setting aside the probate of a will, in which attorneys for the successful contestant were allowed a fee of $1,000, has the effect of setting aside the allowance, although it was not expressly mentioned in the opinion.

WILLS (51)—CONTESTS—ATTORNEY'S FEES. The allowance of an attorney's fee to the unsuccessful contestant in a will contest rests in the discretion of the trial court.

Appeal from an order of the superior court for Adams county, Truax, J., entered April 19, 1919, denying an application for the issuance of a citation to an executor to show cause why he should not pay an attorney's fee allowed in a will contest, after a hearing before the court. Affirmed.

*Zent & Jesseph,* for appellants.
*W. M. Nevins,* for respondent.

MOUNT, J.—In September, 1917, the superior court of Adams county, in a will contest, entered an order setting aside and holding for naught the last will and testament of Agnes Geissler, deceased. In that order the court made an allowance of $1,000 for an attorney's fee to be paid to Zent & Powell, who represented the successful contestants. Thereafter the executor

[1]Reported in 187 Pac. 711.

appealed to this court. After considering that appeal, we said:

"The judgment of the lower court is reversed, and the cause will be remanded with directions to administer the estate under the will." *In re Geissler's Estate,* 104 Wash. 452, 177 Pac. 330.

Thereafter, in March, 1919, Zent & Powell filed an application in the superior court of Adams county, praying for the issuance of a citation to the executor directing him to show cause why he should not pay the attorney's fee of $1,000 provided for in the original decree. This application came on for hearing and the trial court, after considering the same, denied the application. This appeal is prosecuted from that order.

The appellants make the contention, first, that they were not served with notice of appeal in the case where the counsel fees were allowed, and that therefore that part of the judgment was not reversed upon the appeal; but the record shows that Zent & Powell were notified of the appeal. They were served as attorneys for the respondent and admitted service of the notice of appeal and appeared here resisting the appeal. It is true no mention was made of the attorney's fees in the opinion in that case; but the judgment was reversed and the cause remanded, "with directions to administer the estate under the will." The effect of that decision was to dismiss the contest and to avoid the whole order of the court made upon that contest. We think it is too plain for argument that the attorney's fee, being a part of the judgment, was avoided by the decision upon that appeal. Neither the law in force at the time the contest of the will was instituted in the lower court, nor the law in force at this time, gives an unsuccessful contestant of a will the right to an attorney's fee. That is wholly a matter within the discretion of the lower court. *In re Eichler's Estate,*

102 Wash. 497, 173 Pac. 435. The effect of the order appealed from on this appeal was to deny counsel any fee in the unsuccessful prosecution of the contest of the will.

Since the allowance of an attorney's fee is a matter of discretion, and since there appears to be no abuse of that discretion, the order must be affirmed.

HOLCOMB, C. J., BRIDGES, FULLERTON, and TOLMAN, JJ., concur.