[No. 16281.  Department One.  September 26, 1921.]

*In the Matter of the Estate of* MARY HILLE.[1]

WILLS (20)—REQUISITES—UNDUE INFLUENCE—EVIDENCE— SUFFI-
CIENCY.  A will will not be set aside on the ground of being written
in a language the testatrix did not understand, if it was executed
by her after full explanation in her native language as to its con-
tents.

WILLS (55)—CONTESTS—ATTORNEY'S FEES.  Where an action is
brought in good faith to contest a will and a prima facie case made
out, an award of attorney's fees against contestant in the event his
action fails is erroneous.

Appeal from a judgment of the superior court for
Adams county, Truax, J., entered September 13, 1920,
in favor of the defendants, in a will contest, tried to the
court.  Affirmed in part and reversed in part.

*Davis & Heil,* for appellant.

*Adams & Miller* and *Walter Staser,* for respondents.

BRIDGES, J.—The purpose of this action was to annul
a will made by Mary Hille, deceased.  Practically the
only ground for the contest was that all the will was
not read to the testatrix, that she did not understand
the English language, and that she did not know or
understand what she signed.  The lower court sus-
tained the will, and the contestant has appealed.

Within a week before her death, Mrs. Hille requested
one of her sons to procure her will to be drawn, and
advised him what disposition she wished to make of
her property.  Complying with her request, the son
had an attorney draw the will, and it was then taken
to the bedside of Mrs. Hille, who signed it and de-
clared it to be her last will and testament.  The testi-
mony of some of those present at the time the will
was executed is to the effect that only a portion of the

[1]Reported in 200 Pac. 1034.

will was either read to the testatrix or interpreted to her in German, that being her native tongue. On the other hand, a number of the witnesses testified that all the will was read to the testatrix in English, and that the son who did the reading explained and interpreted it to her in the German language.

It will thus be observed that the question narrows itself down to whether or not all of the will was read to her, and if read, whether she understood its purport. A careful reading of all the testimony convinces us that the whole of the will was read to her and that she fully understood it and knew its contents when she executed it. It would not serve any useful purpose for us to go into greater detail concerning the testimony.

The executor and legatees under the will separately defended. The trial court gave judgment against the contestant for $150 for attorney's fee, on behalf of the defending legatees. Appellant claims that these attorney's fees should not have been allowed. In fixing the attorney's fee, the court stated he felt that the contestant was justified in bringing the action.

Our holding in the case of *Preuss v. Berg,* 102 Wash. 497, 173 Pac. 435, is to the effect that, where the contestant brings the action in good faith and makes a *prima facie* case, attorney's fees should not be awarded against him in the event his action fails. That case is controlling under the facts here. The court therefore erred in awarding attorney's fees against the contestant.

The judgment of the lower court is affirmed in so far as it dismisses the action, and is reversed in so far as it allows attorney's fees against the contestant.

PARKER, C. J., FULLERTON, MACKINTOSH, and HOLCOMB, JJ., concur.