[No. 18264. Department One. December 28, 1923.]

*In the Matter of the Estate of William Chappell, Deceased.*

EDMOND CHAPPELL, *Appellant*, v. MARGARET F. CHAPPELL *et al., Respondents.*[1]

WILLS—CONSTRUCTION—FORFEITURE CLAUSE—CONTEST OF WILL— PROBABLE CAUSE—PUBLIC POLICY. A provision in a will, forfeiting bequests to any person who shall directly or indirectly contest the will or any of its provisions, will not defeat a bequest to one who had probable cause to believe that the will was void as against public policy, and instituted proceedings to test that question; and where the will was void under the laws of the state where the property was situated, as contravening the rule against perpetuities, a legatee in that state had probable cause to believe that the will was against public policy in the state wherein the will was probated and the estate was being administered.

Appeal from a judgment of the superior court for King county, Dykeman, J., entered June 1, 1923, in favor of the defendants, in proceedings by a beneficiary to compel the payment of a legacy, tried to the court. Reversed.

*Bausman, Oldham, Bullitt & Eggerman* and *W. L. Nossaman,* for appellant.

*Arthur E. Griffin,* for respondents.

HOLCOMB, J.—This appeal grows out of *In re Chappell's Estate,* wherein an appeal was decided in 124 Wash. 128, 213 Pac. 684. The matter in litigation now

[1]Reported in 221 Pac. 336.

is whether appellant, by bringing that proceeding, forfeited a $2,000 bequest given him in the will of his father, William Chappell.

The father died, leaving an estate of approximately $681,000, consisting of personalty located in King county, Washington. In his will he made elaborate provisions for the disposition of his property, the principal of which was the creation of a trust, continuing for a possible sixty years' period, following which the property was to be distributed to certain relatives or their descendants. Appellant was not included among the beneficiaries of the trust. In the former cause, in his amended petition he set forth the will, pleading that the property was personalty; that decedent was domiciled in, and a resident of, California at the time of his death, and for some years prior thereto, and that, under the statutory and common law of California, the trust attempted to be created in the will was void as contravening the rule against perpetuities, and unlawfully suspending the power of alienation. That petition incorporated certain statutes of California, and some fourteen decisions of the California courts sustaining appellant's position that, assuming the California law to govern, the trust was void, and the property in this state would pass to the widow and appellant in equal parts.

The decision in the former case did not pass upon the validity or invalidity of the trust under the California law, but found internal evidence in the will that decedent intended that the Washington law should govern, and held that this intent should be given legal effect. The trust being valid under the Washington law, we held that the executors' demurrer to the petition should be sustained and the petition dismissed.

A paragraph of the will provides as follows:

"Should either or any of the beneficiaries of this will object to the probate thereof, or in any way, directly or indirectly contest or aid in the contest of the same, or of any of its provisions for the distribution of my estate, as herein provided, then in such event, any such beneficiary or beneficiaries so contesting shall be absolutely barred and cut off from receiving any share or portion of my estate whatsoever, and the shares and proportion of my estate which would have been paid or distributed to such contesting beneficiary or beneficiaries shall be distributed to the remaining portion of my beneficiaries not contesting or aiding in any contest of this will."

After the remittitur of this court upon the former appeal, the executors filed their final report, in which they set forth that appellant, by instituting the proceeding above referred to, had forfeited his bequest. Upon issue formed upon that point, the trial court decided adversely to appellant, holding that, by the former proceeding, he had forfeited his $2,000 legacy.

Appellant contends that, in instituting the former proceeding, appellant had in fact ground of public policy as the ground of invalidating the provisions of the will, and not a contest against the will as a whole, and that the rule is that, where a contest or other proceeding questioning the validity of a will, or of some of its provisions, upon the ground of public policy is instituted, a forfeiture clause, although otherwise valid, does not apply. The argument for this position is that, although under the authorities generally, but not universally, a testator may legally impose conditions by which those who contest his will for reasons which may involve his soundness of mind, freedom from undue influence, lack of testamentary capacity, and the like, are prevented from sharing in his estate, because these are matters which concern only the tes-

tator as personal reasons, who may not wish to have such matters exposed to the public gaze after his death. But, it is insisted, the case is different where the testator seeks to impose some forfeiture upon those who question his will, not upon some personal or private ground, but upon grounds which affect the safety and well being of society.

The question is *res integra* here, and difficult of solution. There is a great contrariety of opinion in the authorities on some aspects.

In 28 R. C. L., p. 316, it is stated that:

"The validity of a condition inhibiting the contesting of the will is also sometimes made to depend on whether the contestant had reasonable cause for his contest, and where a legatee has *probabilis causa litigandi,* he may disregard the condition without losing the property devised to him. This view proceeds on theory that the testator could not have intended to prevent the legatee from having his doubtful rights judicially determined, but only sought to prevent vexatious litigation."

In Pennsylvania, it is well settled that, where there is probable cause for contest, a legatee may disregard such condition without losing the property devised to him. See *In re Friend's Estate,* 209 Pa. St. 442, 58 Atl. 853, 68 L. R. A. 447.

The editorial notes in L. R. A., *supra,* assert that, "the wisdom of this section as to probable cause has commended it to the courts of this country, wherein it has found unhesitating support."

That does not appear to be universally true, however, for in California it has been decided in *In re Hite's Estate,* 155 Cal. 436, 101 Pac. 443, that a provision of a will forfeiting devises to any person who shall contest the will is not contrary to, but is favored by, public policy, since it discourages litigation, and the inhibition

may apply to contests on the ground of insanity. Also that, in determining whether proceedings by a legatee amount to a contest of the will within the provisions forfeiting the bequest of any legatee who should contest the will, the meaning of the words as used by the testator in view of his purpose, is a controlling consideration, and that having found testator's meaning and purpose in using the particular word in his will, his intention will be given due effect. It was there also held that a proceeding begun but not prosecuted to a conclusion to contest the will amounted to a contest which forfeited the legacy; the court saying that, whenever the complainant uses the proper machinery of the law to the thwarting of testator's express wishes, whether he succeed or fail, his action is a contest.

It was also held in *In re Miller's Estate,* 156 Cal. 119, 103 Pac. 842, that under a provision that any legatee contesting the will should forfeit her legacy, which should pass to others under the will, the widow, given a bequest of $1,500, having unsuccessfully contested the will, forfeited her legacy, though she had reasonable cause for such contest. The contest was there made on the grounds of incompetency of the testator, and undue influence alleged to have been exercised over him. These were, of course, personal grounds. The court there said:

"A testator has the lawful right to dispose of his property upon whatever condition he desires, as long as the condition is not prohibited by some law or opposed to public policy, such as conditions in restraint of marriage or of lawful trade, 'and when a testator declares in his will that his several bequests are made upon the condition that the legatees acquiesce in the provisions of his will, the courts rightly hold that no legatee shall without compliance with that condition receive his bounty, or be put in a position to use it in

the effort to thwart his expressed purpose.' *Smithsonian Institution v. Meech,* 160 U. S. 398 . . ." *In re Hite's Estate, supra.*

The doctrine of probable cause was expressly rejected in the decision, the court saying respecting the same that the identical question was presented in the provisions of the will in *In re Hite's Estate, supra,* but there dismissed without discussion.

"No such exception is stated in the contest provision contained in the will, and we know of no principle that authorizes us to declare it. To so do would be to substitute our own views for a clearly expressed intent of the testator to the contrary. We are aware that some text-writers have expressed views tending to support appellant's contention in this behalf, and that it is the rule adopted in Pennsylvania [Citing *Estate of Friend, supra*]; but we cannot perceive any proper basis upon which to rest such a conclusion. Like the doctrine accepted in many decisions to the effect that no forfeiture of the legacy results under such a provision when there is no gift over of the legacy in the event of a contest although a forfeiture of land devised will result under such circumstances without a specific devise over, a doctrine repudiated by us in *Estate of Hite, supra,* it is a mere attempt at an artificial distinction to avoid the force of a plain and unambiguous condition against contests. See *Hoit v. Hoit,* 42 N. J. Eq. 388, 7 Atl. 856, 59 Am. Rep. 43. See, also *Bradford v. Bradford,* 19 Ohio St. 546, 2 Am. Rep. 419."

The court therefore decided, in the case quoted, that the forfeiture provision must be enforced as written.

It will be noted that the California court, however, recognized the principle that a testator has the lawful right to dispose of his property upon whatever condition he desires, "as long as the condition is not prohibited by some law, or opposed to public policy, such as conditions in restraint of marriage, or of lawful trade", etc. There are cases holding that such a con-

dition will be void as against public policy, if the will provided that the legatee should never marry. *Knost v. Knost,* 229 Mo. 170, 129 S. W. 665, 49 L. A. R. (N. S.) 627. Also, where the will attempted to prescribe the legatee's religion. *Drace v. Klinedinst,* 275 Pa. St. 266, 118 Atl. 907.

But in another California case, *In re Bergland's Estate,* 180 Cal. 629, 182 Pac. 277, 5 A. L. R. 1363, it was decided that a provision in a will that should any beneficiary object to the distribution made, or attempt to defeat the provisions of the will, such person should receive only a nominal sum and no more, has no application to an attempt, in good faith, to probate what purports to be a later will, although such will proves to be spurious.

In South Carolina it was held that, where a condition is bad on grounds of public policy, it must be bad whether it be precedent or subsequent. The law will no more allow anything contrary to public policy to be made against a party entitled to an estate than where he shall be made to lose that of which he is already in possession. The court said:

"The cases of *Mallet v. Smith,* 6 Rich. Eq. 12, 60 Am. Dec. 107, and *Cooke v. Turner, supra,* show—in fact, the principle does not seem to be disputed—that a testator cannot provide that the continuance of an estate shall depend upon the condition that the devisee or legatee shall not marry, or engage in commerce, or sow his arable lands, or the like, as such condition would be against public policy. We thus see that all conditions in wills upon which an estate shall be allowed to continue in the devisee or legatee are not valid; and the question in this case is whether the right to contest a will on the ground that it is a forgery stands upon the same footing as the right to contest a will when there is a condition that the devisee or legatee shall not marry, or engage in commerce, or sow

his arable land, and the like.'' *Rouse v. Branch,* 91
S. C. 111, 74 S. E. 133, 39 L. R. A. (N. S.) 1160.

A devise in a will which, in effect, suspends the power
of alienation, in contravention of the statutes of the
state where made, is void. *Greenwood v. Murray,* 2 N.
W. (Minn.) 945. As to such a situation, it was stated
*arguendo* in *In re Hoscheid's Estate,* 78 Wash. 309,
139 Pac. 61, that such void provision was ''not a proper
subject of contest. An action in contest goes to the
validity of the will as a whole and as such, not to the
legal effect of its provisions.'' And a condition in a
will not to contest the testamentary disposition pro-
hibited by statute is void. *In re Kathan's Will,* 141
N. Y. Supp. 405. The last case was a case decided by
the Surrogates Court of New York, but contains a
great many authoritative citations.

Here the situation is that, had testator's will been
probated in California, appellant might have invali-
dated it by such proceeding as he brought in this state
against the will to invalidate its principal provisions.
In other words, the law of California prohibiting per-
petuities and unlawfully suspending the power of
alienation would have interdicted such provisions as
were found in this will. The testator described him-
self as a resident of King county, Washington, and
therefore undoubtedly intended that his will should be
probated in Washington, and according to the laws of
Washington. That was decided in the former appeal.
It may, therefore, be presumed that the testator in-
tended that the law of Washington governing public
policy as to the disposition of real and personal estate
should govern. It would seem that he carefully avoided
the effect of the laws of California, and carefully
brought the administration of his estate by his trustees
under the laws of Washington, not only having de-

scribed himself as a resident of Washington, but also by appointing a majority of the trustees of his will who reside in Washington. It is not against the public policy of Washington to dispose of his personal estate as testator did.

We are, therefore, reduced to the matter of determining whether we shall adopt the rule of probable cause and hold that, contestant having had probable cause for his contest, had the laws of California governed, the condition against contesting should not apply. Had our laws as to perpetuities and suspending the power of alienation of property been the same as those of California, and similar proceedings had been brought by appellant and decided in the former appeal, we are convinced that we should now have to hold that he had probable cause for attacking the provisions of the will, as against public policy, and would hold them to be against public policy. He erred in believing that the estate was subject to the laws of California and to distribution accordingly. That being the case, and it not being denied that the contest was made in good faith, believing that the laws of California applied to the distribution of the estate, we are further convinced that appellant had probable cause for instituting the proceedings he did, and that by so doing he did not forfeit his legacy.

The judgment is reversed.

Main, C. J., Tolman, and Parker, JJ., concur.