[No. 9550–9–III.   Division Three.   October 12, 1989.]

*In the Matter of the Estate of*
JAMES M. MAGEE.

DELLA C. MAGEE, *Appellant,* v. RAYMOND W. MAGEE,
*Respondent.*

*Matthew Sanger* and *Salina, Sanger & Gauper,* for appellant.

*Martin Weber* and *Lukins, Annis,* for respondent.

SHIELDS, J.—James Magee died testate in Stevens County on March 19, 1985. Della Magee, his widow, and Raymond W. Magee, his son by his first marriage, were named copersonal representatives of his estate. After preparing a general inventory of estate assets, Raymond Magee petitioned the court to determine whether a promissory note for $422,450, payable to James and Della Magee as joint tenants, was community property and includable in the estate inventory. Mrs. Magee responded the note was not an estate asset, but was held in joint tenancy and had become her separate property by right of survivorship upon her husband's death. The trial court granted Raymond Magee's motion for summary judgment, holding the note was community property and includable as an asset of the estate. Mrs. Magee appeals; we affirm.

During Mrs. Magee's first marriage, she had manufactured and sold ceramics in Burbank, California. James and Della Magee were married in California on October 18, 1970. Shortly after their marriage, the couple quit their jobs and began selling ceramic figurines, planters and other artifacts. The business prospered. In 1975, they purchased real property in Los Angeles for a warehouse to store their products.

In 1977, the couple executed mutual wills in California which included the following provision:

> I declare that my estate consists solely of community property . . . Property held by my said wife and me, as joint tenants and not as tenants in common, is so held for convenience only and said property is, nonetheless, community property.

On August 1, 1979, the couple purchased real property in Stevens County, Washington, and moved there to retire. In October 1979, they sold the California warehouse and conveyed it by grant deed which named as grantors "James Marsden Magee and Della Caroline Magee, husband and wife as joint tenants". In consideration they received a promissory note payable to "James M. Magee and Della C. Magee, husband and wife, as joint tenants". The note was secured by a deed of trust which named as beneficiaries

"James M. Magee and Della C. Magee, husband and wife, as joint tenants".

On April 19, 1984, James Magee executed a new will in Stevens County leaving all of his personal effects to his wife, and establishing a trust with the remainder of his estate, with the income payable to Mrs. Magee during her lifetime. No specific mention was made regarding property held by the couple as joint tenants or of the promissory note.

The sole issue is whether the documents before the court, the promissory note, grant deed and deed of trust, when construed together, created a joint tenancy with right of survivorship or a community property interest subject to probate administration.

Mrs. Magee contends the grant deed of October 19, 1979, as well as the promissory note and deed of trust, evidence an intent to create a joint tenancy which satisfies the statutory requirements of RCW 64.28.010. She distinguishes *In re Estate of Olson*, 87 Wn.2d 855, 557 P.2d 302 (1976), noting it refers to property acquired initially as community property. Additionally, she asserts the warehouse was owned as a joint tenancy under California law and was merely exchanged for another joint tenancy asset, the promissory note.[1] The record does not support this assertion.

■ RCW 64.28.010 states, in part:

Joint tenancy shall be created only by written instrument, which instrument shall expressly declare the interest created to be a joint tenancy. It may be created by a single agreement,

---

[1]A grant deed dated October 7, 1975, a copy of which is appended to Della Magee's appellate brief, states certain property is granted to "James Marsden Magee and Della Caroline Magee, husband and wife as joint tenants". A second grant deed dated September 21, 1976, is also appended, in which certain property acquired by "James A. [*sic*] Magee and Della Caroline Magee, husband and wife", is granted to "James Marsden Magee and Della Caroline Magee, husband and wife as joint tenants". The legal description of the October deed does not coincide with that of the September deed. In any event, neither deed was part of the record before the trial court and thus will not be considered by this court. Were we to consider them, California law dictates the mutual wills of 1977 terminated the joint tenancy.

transfer, deed, will, or other instrument of conveyance . . .
*from husband and wife,* when holding title as community
property, or otherwise, *to themselves or to themselves and
others,* . . .

(Italics ours.) The reference to Mr. and Mrs. Magee as joint
tenants in the grantees' promissory note and deed of trust
is insufficient to create a joint tenancy under the statute.
*Lambert v. Peoples Nat'l Bank,* 89 Wn.2d 646, 574 P.2d
738 (1978); *In re Estate of Olson, supra.* The only question
is whether the grant deed which was signed by Mr. and
Mrs. Magee in the 1979 transaction was sufficient to create
a joint tenancy.

RCW 64.28.010 refers specifically to a conveyance from
the husband and wife to *themselves* or to themselves *and*
others. The statutory language is plain and unambiguous.
Its meaning must be derived from the wording of the stat-
ute itself. *Powell v. Viking Ins. Co.,* 44 Wn. App. 495, 499,
722 P.2d 1343 (1986) (citing *Human Rights Comm'n v.
Cheney Sch. Dist. 30,* 97 Wn.2d 118, 121, 641 P.2d 163
(1982)). The grant deed conveyed the property from Mr.
and Mrs. Magee to others only, not to themselves and oth-
ers. Further, there is no indication the use of the words
"joint tenants" memorialized a separate or independent
agreement between them as to how their property should
be held. *Lambert,* at 650.[2]

As noted above, the record before the trial court does not
indicate that the warehouse, when acquired, was held by
the couple as joint tenants under California law nor is there
proof it was acquired with funds other than community
funds.[3] Thus, we conclude no joint tenancy was created in

---

[2]The 1984 will admitted to probate administration specified that all property
held at the time of death, whether real or personal, was community property.

[3]We do not address whether tracing the character of the promissory note to
the character of the warehouse for which it was exchanged would comply with
RCW 64.28.010. In any event, their mutual wills executed in California describe
all of their property as community property and that any joint tenancy was
described as such for reasons of convenience only. Thus, even if a joint tenancy
had been created under California law, it was terminated under the same law by
the language in the wills.

compliance with RCW 64.28.010. The promissory note is subject to probate administration as a community asset. We find no error.

■ Raymond Magee requests attorney fees from Mrs. Magee personally or from the estate, citing RCW 11.96-.140.[4] The award sought is for fees incurred on appeal only which is discretionary with this court. Mrs. Magee responds she acted in good faith in bringing the legal action, citing *In re Estate of Eichler,* 102 Wash. 497, 173 P. 435 (1918); *In re Estate of Kubick,* 9 Wn. App. 413, 513 P.2d 76, *review denied,* 83 Wn.2d 1002 (1973). The lack of success does not indicate bad faith or lack of probable cause in making the challenge. *Kubick,* at 420. Mrs. Magee exercised good faith in bringing this appeal, which involves justiciable issues not previously resolved by case law. Thus, fees against her personally will be denied. However, Raymond Magee's costs and attorney fees as requested in his affidavit are awarded to be paid out of the assets of the estate. *In re Estate of Fox,* 51 Wn. App. 498, 509, 754 P.2d 690 (1988).

The judgment is affirmed.

THOMPSON, C.J., and MUNSON, J., concur.

---

[4]RCW 11.96.140 provides:

"Either the superior court or the court on appeal, may, in its discretion, order costs, including attorneys fees, to be paid by any party to the proceedings or out of the assets of the estate, as justice may require."