IN THE COURT OF APPEALS OF THE STATE OF WASHINGTON
DIVISION THREE

| | | |
|---|---|---|
| In the Matter of the Estate of | ) | |
| | ) | No. 35845-3-III |
| MARIA G. PRIMIANI. | ) | |
| | ) | |
| | ) | UNPUBLISHED OPINION |
| | ) | |

SIDDOWAY, J. — A testator wishing to discourage litigation over the terms of her will can include a "no contest" or "in terrorem" provision, under which a beneficiary who challenges the will forfeits his share of the estate or has it reduced to a nominal amount. Such provisions are generally enforceable; however, Washington courts will not enforce a provision in some actions brought in good faith and with probable cause.

Frank Primiani brought an unsuccessful challenge to his mother's will and appeals the trial court's decision that he failed to demonstrate why her no contest clause should not be enforced. We affirm the trial court.

No. 35845-3-III
*In re Estate of Primiani*

FACTS AND PROCEDURAL BACKGROUND

Following the death of Maria Primiani in 2014, her will was admitted to probate and her daughter Anna[1] was appointed personal representative. Maria's other living child, her son Frank, filed a complaint in the probate proceeding, purporting to assert claims on behalf of the estate against Anna and her husband, seeking Anna's removal as personal representative, and asking the court to order an accounting and partition real property. The complaint also included allegations of undue influence, misrepresentation and concealment in the making or execution of Maria's will, but in an apparent effort to avoid triggering the no contest provision in Maria's will, Frank purported to "reserve[ ] the right to allege details of undue influence in the making and execution of the Will." Clerk's Papers (CP) at 7.[2] His prayer for relief did not go so far as to seek a declaration that her will was invalid.

When no other legal action to challenge the will was brought within the limitations period for a will contest, however, Frank's lawyer, Steven Schneider, told the court that

---

[1] We use first names of the members of the Primiani family in this section of the opinion, for clarity. We intend no disrespect.

[2] The no contest provision states:

> In the event that any person shall contest this Will or attempt to establish that he or she is entitled to any portion of my estate or to any right as an heir, other than as herein provided, I hereby give and bequeath unto any such person the sum of one dollar.

CP at 2.

the intention in filing the complaint had been to include a will contest. The case proceeded on that basis.

The estate eventually obtained dismissal of the will contest based on Frank's failure to timely personally serve Anna with a complaint. With the will contest having failed, Anna asked the trial court to enforce the no contest provision and treat Frank as having forfeited his one-half share of Maria's real property in Spokane County. The trial court enforced the no contest provision.

Frank appealed, and in a 2017 decision, this court affirmed dismissal of the will contest. *In re Estate of Primiani*, No. 34200-0-III, slip op. at 1 (Wash. Ct. App. May 2, 2017) (unpublished), http://www.courts.wa.gov/opinions/pdf/342000_unp.pdf. When it came to enforcement of the no contest provision, however, this court concluded that the trial court had not made findings addressing Frank's contention that the provision should not be enforced because he had challenged the will in good faith and with probable cause.

Following remand, a hearing was conducted at which the trial court and counsel discussed how to proceed. Frank's lawyer outlined evidence he intended to present in support of his good faith, which included matters remote in time from 2008. The court observed that what was material was whether or not Maria was subjected to undue influence *in 2008*, in connection with the making and execution of the will. The court also cautioned counsel against relying on inadmissible evidence. The court then set a schedule for Frank to submit an offer of proof and for the estate to respond.

3

After considering Frank's offer of proof and the estate's response, the trial court entered a memorandum opinion concluding that the will contest was not filed in good faith. It again enforced the no contest provision.

During the weeks the court had enforcement of the provision under advisement, Mr. Schneider was notified that Frank was investigating potential legal claims against him and his law firm. Mr. Schneider moved for leave to withdraw. The hearing on Mr. Schneider's motion took place shortly after the trial court filed its memorandum opinion. Among matters argued was whether Frank would be prejudiced by the withdrawal. Mr. Schneider stated during the hearing:

> I'd like to remind the Court that Mr. Primiani is actually co-counsel on this matter to the point of contacting and dealing with Mr. Stevens directly at some points. Mr. Primiani did researching, briefed cases, provided a lot of information as an attorney, and Mr. Primiani knows what this case is about.
> . . . .
> So to say that Mr. Primiani doesn't know what's going on, he's been participating with me at every decision made in this case as co-counsel, and that's the way he wanted it. So he knows what's happening.

Report of Proceedings (RP) (Oct. 10, 2017) at 34-35.

The court granted Mr. Schneider leave to withdraw. It thereafter entered formal findings of fact and conclusions of law on the no contest enforcement issue.

Through new counsel, Frank timely moved for reconsideration, arguing that the court had applied the wrong standard in making its findings because it failed to consider whether Frank had relied on Mr. Schneider's advice in contesting the will. Division Two

4

of this court held in *In re Estate of Mumby*, 97 Wn. App. 385, 393, 982 P.2d 1219 (1999), that relying on advice of counsel after fully and fairly laying out material facts is one way of demonstrating good faith and probable cause.

Frank supported his motion with a declaration in which he conclusorily asserted that he had fully and fairly laid out the material facts to Mr. Schneider and relied on his counsel.[3] The trial court entertained the reconsideration motion but denied it, stating that it had *Mumby* in mind in making its original decision. The court's opinion denying reconsideration observed that "[m]any of the documents filed by attorney Steve Schneider start with referring to Frank Primiani as **co-counsel**." CP at 392-93 (boldface in original). It included a supplemental finding that Mr. Primiani, a licensed attorney, "did not rely on advice of his co-counsel when pursuing the will contest and was not

---

[3] Frank's declaration states:

> Prior to filing this case, I consulted with my former counsel, Mr. Schneider, and disclosed all material facts known to me at the time. I moved ahead with this case on the basis of Mr. Schneider's counsel and representation that there was a case worth pursuing. Had I believed that there would be material facts that would prevent me from prevailing in this matter, or had I believed that the evidence I could collect would be inadmissible, I would not have moved forward with the case.

CP at 377.

candid in his disclosures to his co-counsel regarding the undue influence claims."  CP at

394.

Frank appeals.

ANALYSIS

Will contests in Washington have long been governed by statute.  *E.g.*, *State ex

rel. Wood v. Super. Ct. of Chelan County*, 76 Wash. 27, 31, 135 P. 494 (1913).

Modernly, they are governed by chapter 11.24 RCW.  A statutory consequence of

bringing an unsuccessful will contest is that the trial court may assess reasonable

attorney's fees against the contestant "unless it appears that the contestant acted with

probable cause and in good faith."  RCW 11.24.050.  The good faith exception to liability

for attorney fees in will contests was originally judicially created in *In re  Estate of

Eichler* (*Preuss v. Berg*), 102 Wash. 497, 173 P. 435 (1918), in which the court held that

"where a person in good faith brings an action to contest a will and makes a prima facie

case, attorney's fees should not be awarded against him in the event his action fails."  *In

re Estate of Chapman*, 133 Wash. 318, 322, 233 P. 657 (1925) (emphasis omitted).  The

legislature later amended the will contest statutes to identify probable cause and good

faith as a basis for excusing a contestant from liability for the estate's attorney's fees.

LAWS OF 1965, ch. 145, § 11.24.050 (codified at RCW 11.24.050).

At around the same time that our Supreme Court recognized a contestant's good

faith and probable cause as grounds for shielding the contestant from paying attorney's

6

fees, it considered similar reasons for sparing the contestant from the operation of a no contest provision. In *In re Estate of Chappell*, 127 Wash. 638, 646, 221 P. 336 (1923), the contestant believed, ultimately incorrectly, that California law would apply and render the will invalid. After surveying cases from other jurisdictions to decide "whether we shall adopt the rule of probable cause," the Supreme Court held that "it not being denied that the contest was made *in good faith* . . . we are . . . convinced that appellant *had probable cause* for instituting the proceedings he did, and that by so doing he did not forfeit his legacy." *Id.* (emphasis added).

In a 1973 case, this court identified reliance on counsel as "persuasive" of the bona fides of a will contest in some cases. *In re Estate of Kubick*, 9 Wn. App. 413, 420, 513 P.2d 76 (1973). The court agreed with the proposition in a West Virginia decision that if the facts are "fully and fairly laid before counsel" and the contestant then relies on counsel's advice in challenging a will, that would establish the contestant's good faith and probable cause. *Id.* (emphasis omitted) (citing *Dutterer v. Logan*, 103 W.Va. 216, 137 S.E. 1 (1927)). The court cautioned that reliance on counsel alone would not be conclusive without "establish[ing] what facts were before counsel when and if he advised the suit in the face of the in terrorem provision." *Id.*

*Mumby*, on which Frank relies, applied *Kubick*'s proposition that reliance on fully-informed counsel can demonstrate good faith and probable cause, but found that it was

7

not demonstrated by the contestant, who was challenging her father's will.[4]  In that case,

the daughter's lawyer provided a declaration in support of his client's argument that a no

contest provision should not be enforced against her.  The trial court concluded that the

lawyer's declaration did not demonstrate that his advice was based on an evenhanded,

full and fair presentation of the facts; instead, the lawyer simply resubmitted facts that the

daughter had presented at trial, in a light most favorable to her.

Mr. Primiani makes several arguments as to why the trial court erred.  Three can

be resolved summarily before turning to the sufficiency of Mr. Primiani's evidence of

good faith and probable cause.

---

[4] This court's 2017 opinion in this case pointed out that the decision in *Mumby* might have made an unwarranted leap by suggesting that the good faith and probable cause exception applies to all will contests.  *Chappell* and *Kubick*, on which *Mumby* relied, were more limited.  *Chappell* involved a challenge to a will on public policy grounds, and discussed the fact that challenges on personal or private grounds might not qualify for the exception.  127 Wash. at 640-41.  In *Kubick*, the no contest clause contained an express proviso that it would not apply to a challenge made in good faith and for probable cause.  9 Wn. App. at 419-20.  As discussed in this court's 2017 opinion, since the estate did not challenge *Mumby* or argue that the good faith and probable cause exception did not apply, we assumed without deciding that it *did* apply and remanded for the trial court to make findings.  *Estate of Primiani*, slip op. at 15-16.

The estate now challenges *Mumby*.  But for purposes of this appeal, application of the good faith and probable cause exception to private or personal disputes is law of the case.  "'[Q]uestions determined on appeal, or which might have been determined had they been presented, will not again be considered on a subsequent appeal if there is no substantial change in the evidence.'"  *Folsom v. County of Spokane*, 111 Wn.2d 256, 263, 759 P.2d 1196 (1988) (quoting *Adamson v. Traylor*, 66 Wn.2d 338, 339, 402 P.2d 499 (1965)).

I.     MR. PRIMIANI HAD A FULL OPPORTUNITY TO PRESENT RELEVANT EVIDENCE AND APPLICABLE LAW

Mr. Primiani argues that the court failed to consider *Mumby* in rendering its initial decision. The court states that it did, however, and since it entertained Mr. Primiani's motion for reconsideration and entered supplemental findings, any dispute over whether it initially had *Mumby* in mind is moot.

He argues that the court frustrated presentation of his argument on remand by insisting that he present relevant, admissible evidence of undue influence in connection with Maria's execution of the 2008 will. He contends that what should have mattered was his subjective motivation and concerns in filing the petition.

The trial court never foreclosed Mr. Primiani from making his record on the issues he deemed material and wished to preserve for appeal. It provided guidance as to the matters it projected would be the basis for its decision, which most parties would welcome. If Mr. Primiani believed that the court was wrong about the facts and law that mattered, it was incumbent upon him to present them, failing which error would be unpreserved. *See* RAP 2.5(a). In any event, the trial court better appreciated what evidence was relevant.

Finally, Mr. Primiani complains that he was denied the opportunity to conduct additional discovery. Mr. Primiani did not demonstrate to the trial court why he needed

additional discovery to establish that he had a good faith basis and probable cause for filing his petition in 2015.

II.  MR. PRIMIANI DID NOT DEMONSTRATE GOOD FAITH AND PROBABLE CAUSE

A will is presumed valid, but may be disregarded when a will contestant presents clear, cogent, and convincing evidence that a beneficiary exercised undue influence over the testator.  *In re Trust & Estate of Melter*, 167 Wn. App. 285, 298, 273 P.3d 991 (2012).  "[T]he undue influence which operates to void a will must be something more than mere influence alone.  Rather, it must be influence which '*at the time of the testamentary act*, controlled the volition of the testator, interfered with his free will, and prevented an exercise of his judgment and choice.'"  *In re Estate of Kessler*, 95 Wn. App. 358, 376-77, 977 P.2d 591 (1999) (emphasis added) (quoting *In re Estate of Lint*, 135 Wn.2d 518, 535, 957 P.2d 755 (1998)).

In attempting to demonstrate good faith and probable cause, Mr. Primiani was entitled to rely on information obtained up until the time he filed the will contest, but the trial court properly cautioned counsel that information should bear on the circumstances under which Maria executed the 2008 will.  And it needed to be admissible evidence, or information supporting the existence of admissible evidence.  An action is not brought in good faith if the only information that can be presented to support it is legally inadmissible.

10

> A. Clear, cogent and convincing evidence does not support Mr. Primiani's reliance on counsel

As demonstrated by *Chappell* and *Kubick*, when a contestant seeks to establish good faith and probable cause by showing the contestant's reliance on counsel, a demonstration of the facts that were fully and fairly laid out is as important a part of the exception to enforcement as is a credible showing of reliance. Mr. Primiani complains that this requires the client to understand the law, but it does not. The required showing can also be made if the contestant consults competent counsel who asks about material facts and the contestant provides full and fair responsive information. If, as Mr. Primiani contends, the exception applies anytime a contestant with a meritless challenge hires a lawyer and claims to rely on legal advice, the exception would swallow the general rule of enforceability.

Mr. Primiani made no effort to specify the facts that he fully and fairly laid out to Mr. Schneider. Given his position that what mattered was his subjective motivation and concerns, it is doubtful that the material facts were laid out.

The trial court also reasonably found that Mr. Primiani did not credibly demonstrate reliance. He and Mr. Schneider were identified as "co-counsel" on a number of materials filed with the court. *E.g.*, CP at 59, 101, 190 (declaration of Mr. Primiani,

11

stating "I am the Petitioner and Co-Counsel herein . . . ."), 194, 403, 408, 413. Only

weeks earlier, Mr. Schneider, as an officer of the court, had made representations to the

court about the extent of Mr. Primiani's involvement. After Mr. Schneider was allowed

to withdraw, Mr. Primiani, acting "pro se", filed a 9-page response to the findings and

conclusions presented by the estate. The trial court could reasonably find that Mr.

Primiani's conclusory declaration—unsupported by any declaration from Mr.

Schneider—did not meet his burden of proving reliance.

      B.     Clear, cogent and convincing evidence did not otherwise support good faith
            and probable cause

Before the legislature incorporated the "probable cause and in good faith" defense

to an unsuccessful will contestant's *liability for attorney's fees* into RCW 11.24.050, our

Supreme Court repeatedly held that the judicially-recognized exception to liability

applies when a contestant's evidence establishes a prima facie case, even if the challenge

ultimately fails. *See Eichler*, 102 Wash. at 499-500; *In re Estate of Hille*, 117 Wash. 205,

206, 200 P. 1034 (1921); and *In re Estate of Mitchell*, 41 Wn.2d 326, 353, 249 P.2d 385

(1952). The same should be true of the judicially-created exception to enforcing a no

contest clause, since the same "good faith and probable cause" language is used. A

contestant bears the burden of establishing that he falls within the exception to the

general rule that no contest provisions are enforceable.

In concluding that Mr. Primiani did not demonstrate good faith and probable cause, the trial court looked to *Dean v. Jordan*, 194 Wash. 661, 79 P.2d 331 (1938), "which is often relied upon as the earliest formulation of circumstances giving rise to concern [about undue influence], and their effect on the parties' proofs." *Melter*, 167 Wn. App. at 298; CP at 366. *Dean* holds that the most important facts and circumstances weighing against the validity of a testamentary instrument are "(1) that the beneficiary occupied a fiduciary or confidential relation to the testator; (2) that the beneficiary actively participated in the preparation or procurement of the will; and (3) that the beneficiary received an unusually or unnaturally large part of the estate." *Dean*, 194 Wash. at 672.

The trial court found that Anna occupied a fiduciary or confidential relation to her mother, but entered the following findings with respect to the other two most important facts and circumstances:

> [T]he Court finds that Petitioner fails with the second factor. There was no direct evidence presented by the Petitioner that Anna actively participated in the preparation or procurement of the will itself. Two independent witnesses signed the will, and an attorney prepared the will. The will was signed in July 2008. At no time, did the Petitioner present any evidence that during the time of making and signing this will there was undue influence on Maria. Other than Maria living with Anna, there is no actual evidence other than self-serving double hearsay evidence that Ann[a] or her husband actively participated in the preparation or procurement of the will.
>
> . . . Under the third factor in *Dean v. Jordan*, the Petitioner fails to establish that Anna received an unusually large portion of the estate. At the time of her death, Maria had two children, Anna and Frank, and each child received

13

half her estate. This does not constitute an unnatural or unusual to one over the other.

CP at 366-67 (Findings of Fact 12, 13). Mr. Primiani does not assign error to the findings, which are verities on appeal. *In re Estate of Muller*, 197 Wn. App. 477, 486, 389 P.3d 604 (2016).

Ultimately, Mr. Primiani's undue influence claim was predicated on a change in Maria's 2008 will from provisions made in a will she had executed in 1999. As explained by one of Mr. Primiani's declarations:

> Particularly relevant is the fact that the 1999 Will states that Anna and I should equally divide the farmland, and that if one of them died, that share would go to the survivor. In the 2008 Will, that provision was changed so that if Anna predeceased me, her share would go to her children instead. This is a very substantial difference, and results in a very disproportionate gain to Anna's estate.

CP at 228.

In fact, the 2008 will evenhandedly divided the residuary estate in equal shares to Anna and Frank and provided *as to both* that "[i]f any child does not so survive me, I give that child's share to his or her living issue." CP at 1. If the result of the 2008

change was a "very disproportionate gain to Anna's estate," it was only because Anna was 14 years older than Mr. Primiani and, at the time he filed the will contest, she was terminally ill. The trial court found that Mr. Primiani "wanted more than his share of his mother's estate." CP at 394.

Substantial evidence supports the trial court's findings of fact entered following remand, which in turn support its conclusions of law.

III.   ATTORNEY FEES

The estate requests an award of attorney's fees, characterizing this as a frivolous appeal.

An appeal is frivolous if the court is convinced that it presents no debatable issues on which reasonable minds could differ, and is so lacking in merit that there is no possibility of reversal. *In re Marriage of Foley*, 84 Wn. App. 839, 847, 930 P.2d 929 (1997). A civil appellant has a right to appeal under RAP 2.2, and all doubts as to whether the appeal is frivolous should be resolved in favor of the appellant. *See Streater v. White*, 26 Wn. App. 430, 434-35, 613 P.2d 187 (1980).

Little published case law exists on the exception to the general enforceability of no contest provisions, perhaps because they usually have their intended effect of discouraging challenges. We decline to find the appeal entirely frivolous and deny the estate's request for an award of reasonable attorney's fees.

No. 35845-3-III
*In re Estate of Primiani*

Affirmed.

A majority of the panel has determined this opinion will not be printed in the

Washington Appellate Reports, but it will be filed for public record pursuant to RCW

2.06.040.

_____
Siddoway, J.

WE CONCUR:

_____
Lawrence-Berrey, C.J.

_____
Pennell, J.