[No. 8305.　Department One.　April 29, 1910.]

*In the Matter of the* ESTATE OF LAWRENCE STATLER,
*Deceased,* J. E. MULLEN, *Administrator,*
*Appellant.*[1]

WILLS—PROBATE—CONTEST—COSTS—ALLOWANCE—EXECUTORS AND ADMINISTRATORS—CLAIMS AGAINST ESTATE. The costs and expenses incurred for attorney's fees in contesting the probate of a will are not a claim against the estate of the deceased which must be presented to the administrator for allowance, and they are properly allowed, when the will is held void, as a judgment against the estate, under Rem. & Bal. Code, § 1313, after a citation to the administrator and a hearing before the court.

SAME—PROCEEDINGS—COSTS—SECURITY FOR. A proceeding against an administrator by citation, to secure allowance of costs for contesting the probate of a will, is but a continuation of the probate contest, and a bond for security for costs by nonresident contestants cannot be required.

SAME—COSTS—PARTIES ENTITLED—"BENEFIT" TO ESTATE. Costs and attorney's fees for contesting the probate of a will may be allowed as a "benefit" to the estate, where the contestants were successful and the expenses when allowed reduce their residuary share in the estate.

SAME—AMOUNT OF COSTS. Costs and attorney's fees for contesting the probate of a will are not confined to the costs allowed by the general statutes, Rem. & Bal. Code, § 481; but are governed by the special statute, Id., § 1313, in which no limitation is fixed.

Appeal from an order of the superior court for Spokane county, Sullivan, J., entered February 20, 1909, awarding costs and attorney's fees in the contest of a will, after a trial on the merits before the court without a jury. Affirmed.

[1]Reported in 108 Pac. 433.

*O. C. Moore, W. H. Winfree,* and *Happy, Winfree & Hind-man,* for appellant.

*W. S. Lewis* and *Joseph Rosslow,* for respondent.

FULLERTON, J.—Lawrence Statler died in Spokane county on January 24, 1908, leaving estate therein consisting of real and personal property. Shortly thereafter certain persons petitioned the court of that county to admit to probate what was alleged to be the nuncupative will of the deceased. After notice given, one O. Lohan, as German consul and as attorney in fact for certain heirs of the deceased, appeared and contested the validity of the will and its admission to probate. On the hearing the court adjudged and decreed the will to be null and void as the last will and testament of the deceased, and denied its admission to probate.

In its decree the court ordered that "the matter of awarding costs and expenses including attorney's fees to contestants" be continued to a day certain, and that the contestant serve upon the administrator of the estate his application for such an order, and a citation to the administrator requiring him to appear and show cause why the application should not be granted. The application and citation were filed and served as directed, and on the return day the administrator appeared specially and moved to quash the same, on the ground that the process by which it was sought to bring him into court was insufficient to give the court jurisdiction of his person or the subject-matter of the controversy. The motion to quash was denied by the court, whereupon the administrator, "reserving all rights under the special appearance heretofore made and not waiving his special appearance, and protesting against being compelled to proceed further," moved that the applicant be required to furnish a bond as security for such costs as might be awarded against him should he be unsuccessful in his application. This motion was also denied. The administrator

thereupon, still reserving his special appearance, demurred to the application, which demurrer being overruled, he answered to the merits. On the hearing the court awarded the contestant $124 as costs, and $750 as attorney's fees, and the administrator prosecuted this appeal.

The appellant contends that the expenses and attorney's fees sought to be recovered by the respondent constitute what is denominated in the statute a claim against the estate of the deceased, and before a proceeding at law will lie to recover them, they must be presented to the administrator as a claim for allowance or rejection; and further, that should the claim be rejected by the administrator and a proceeding begun to establish the same, the proceeding must be an ordinary civil action at law, in which the administrator is brought into court by the service of a summons as in civil actions generally. But we are unable to agree with these contentions. The costs and expenses of contesting the probate of a will are not a claim against the estate of the deceased in its broad sense. The deceased did not incur them, nor can they be in any sense his obligations. They are collectible out of his estate simply because the statute makes them so. Rem. & Bal. Code, § 1313; *State ex rel. Richardson v. Superior Court*, 28 Wash. 677, 69 Pac. 375. In this instance they might properly have been entered as a judgment against the estate in the decree setting aside and annulling the will, and it does not make the proceeding an independent action merely because the court set the matter down for a separate hearing and directed that the administrator be given notice and an opportunity to contest the amount of the allowance if he so desired. There was, therefore, no mistake in the form of the proceeding, and the motion to quash was properly overruled.

The cases of *Barto v. Stewart*, 21 Wash. 605, 59 Pac. 480, and *In re Sullivan's Estate*, 36 Wash. 217, 78 Pac. 945, cited by the appellant, do not sustain his position. In the first cited case the court was speaking of claims that were

incurred by the deceased in his lifetime, not expenses incurred after his death in protecting the estate against unfounded claims; and in the second the question was as to
the validity of certain allowance made by the court *ex parte*,
and the point decided could only be in point in case we should
hold this order to be an *ex parte* order, made without jurisdiction on the part of the court.

For the reason that this proceeding is but a continuation
of the proceeding brought to annul and cancel the purported
nuncupative will, it was not required that the respondent furnish a bond as security for costs.

The appellant next contends that the respondent's services
were without value to the estate, and, hence, since the claim
is based upon benefits to the estate, there can be no recovery.
Considering the estate an an entity apart from the interest of
its beneficiaries, it is probably a legitimate argument to say
that it can make no difference whether the property of the
estate is taken by one set of claimants or by another. But
we do not understand that this is what is meant by benefiting
the estate. The contest is made by one set of claimants
against another, and the benefit derived therefrom inures to
the successful claimants, and this we think is the benefit contemplated by the rule. Since the expenses when allowed
reduce the residuary share of the successful claimants, they
might justly complain if no gain was derived by them by the
contest, but when the contest results in their gain, clearly it
furnishes a sufficient consideration for the allowance contemplated by the statute.

Lastly, the appellant argues that the allowance when made
cannot exceed the amount allowed as costs by the general
statutes. Rem. & Bal. Code, § 481. We think, however, that
the allowance is governed by the special statute. Rem. &
Bal. Code, § 1313. True, the phrases used are general,—
"fees and expenses," "cost and expenses," etc., and no limitations are fixed, yet we think it contemplates the allowance
of the actual court costs and such expenses incurred in the

prosecution or defense of the will as are reasonable and necessary. It is not contended, as we understand the record, that the allowances in this instance were not so.

The judgment is affirmed.

RUDKIN, C. J., CHADWICK, and GOSE, JJ., concur.