[No. 63826-8.  En Banc.]
Argued October 24, 1996.     Decided April 10, 1997.
CERTIFICATION FROM THE UNITED STATES DISTRICT
COURT FOR THE WESTERN DISTRICT OF WASHINGTON
IN
LOUISIANA-PACIFIC CORPORATION, ET AL., *Plaintiffs*, v.
ASARCO INCORPORATED, *Defendant.*

*McGavick, Graves, Beale & McNerthney* by *William P. Bergsten* and *Gregory A. Jacoby; Karr Tuttle Campbell,* by *William H. Beaver, Jr.,* and *William J. Price; Gordon, Thomas, Honeywell, Malanca, Peterson & Daheim,* by *Kenneth G. Kieffer, Bradley B. Jones, Margaret Y. Archer,* and *Melissa K. Bryan; Schwabe, Williamson, Wyatt & Lenihan,* by *Averil B. Rothrock* and *James C. Hanken;* and *William L. Dowell,* for plaintiffs.

*Heller Ehrman White & McAuliffe,* by *Peter A. Danelo, John W. Phillips, Leonard J. Feldman,* and *Michael R. Thorp,* for defendant.

*Stimson Bullitt, Rodney L. Brown, Jr.,* and *Gillis E. Reavis* on behalf of Washington Environmental Council, amicus curiae.

SMITH, J. — The United States District Court for the Western District of Washington at Tacoma on February 23, 1996 certified to this court the question whether an award of attorneys' fees and costs to a prevailing party under the private action section of the Model Toxics Control Act, RCW 70.105D.010-921, is limited to actual fees of attorneys and RCW 4.84.010 costs or whether the

court is authorized additionally to award to the prevailing party other reasonably necessary expenses of litigation. We answer the question by concluding the court is not so limited and may additionally award other reasonably necessary expenses of litigation upon such equitable factors as the court determines are appropriate.

## QUESTION PRESENTED

Under the Certification Order the only question in this case is whether an award of attorneys' fees and costs to a prevailing party under the private action section of the Model Toxics Control Act[1] is limited to actual attorneys' fees and statutory costs or whether the court may additionally award other reasonably necessary expenses of litigation.

## STATEMENT OF FACTS

This action in the United States District Court for the Western District of Washington arose as a result of pollution at several sites near the Port of Tacoma by heavy metal contaminants leached from a slag and wood waste mixture. Asarco Incorporated (Asarco) had been smelting near Tacoma since 1905. In about 1973, Asarco entered into a contract with a distributor to sell slag, a by-product of smelting. The distributor sold the slag to log yards to use essentially like gravel. The log yards would use a load of slag until it became too mixed with wood waste and other debris. Then the log yards would haul away the slag mixture and put down a new load of slag.

In 1980, the Environmental Protection Agency (EPA) found high concentrations of heavy metals in the water runoff from one of the log yards. The EPA turned its findings over to the Washington Department of Ecology (Ecology). During the course of the next several years Ecology met with representatives of affected sites, but took no

[1]RCW 70.105D.010-.921.

formal action. In 1986 Ecology began formally requiring cleanup of the sites.

A suit was brought in the United States District Court for the Western District of Washington under the Comprehensive Environmental Response, Compensation, and Liability Act of 1980 (CERCLA)[2] and Washington statutes[3] to determine who would bear the cost of these cleanups. On March 1, 1991,[4] the Honorable Robert J. Bryan entered judgment against the producer for at least 75 percent of cleanup costs. An appeal was then taken to the United States Court of Appeals for the Ninth Circuit.[5]

On appeal Defendant contended slag was excluded from CERCLA; argued the state law claims were barred by the statute of limitations; argued the lower court erred in not granting summary judgment and in imposing response costs under CERCLA; and requested a new trial because of excluded evidence and erroneous jury instructions.[6]

Plaintiffs cross-appealed. They contended the court erred in reducing their attorneys' fees by the percentage of comparative fault, in determining their nuisance claims were preempted by the Washington Product Liability Actions statute[7] and in dismissing their claims under the Washington Model Toxics Control Act (MTCA).[8] The United States Court of Appeals, the Honorable David R. Thompson writing, affirmed the award of damages under

---

[2]42 U.S.C. §§ 9601-9626 (1988).

[3]Hazardous Waste Management Act, RCW 70.105.005-.900 (1992); Product Liability Actions, RCW 7.72.010-.060 (1992).

[4]Pls.' Br. in Support of Award of Litigation Expenses Under RCW 70.105D.080 at 8.

[5]*Louisiana-Pacific Corp. v. Asarco Inc.,* 24 F.3d 1565, 1565 and 1569-1571 (9th Cir. 1994), *cert. denied,* 115 S. Ct. 780, 130 L. Ed. 2d 674 (1995).

[6]*Louisiana-Pacific,* 24 F.3d at 1569-1570.

[7]RCW 7.72.

[8]*Louisiana-Pacific,* 24 F.3d at 1570.

CERCLA.[9] The court reversed the award of attorneys' fees under CERCLA and the award of litigation expenses to the extent that award included expenses not recoverable as costs under 28 U.S.C. §§ 1821(b) and 1920. The court also reversed the finding of liability under the Washington Hazardous Waste Management Act and award of loss-of-use damages under the Washington Product Liability Actions statute. The court remanded to the district court the question of when the statute of limitations began to run for plaintiffs' "Washington Product Liability Act"[10] claims. The court reversed the dismissal by the district court of the MTCA claim because in the interim the statute was amended to provide a private right of action. The court remanded the MTCA claim to the district court.[11] The Court of Appeals also reversed the dismissal by the district court of plaintiff's common-law intentional nuisance claim.[12]

On remand the United States District Court for the Western District of Washington, the Honorable Robert J. Bryan, determined plaintiffs were the prevailing parties in the MTCA case brought under RCW 70.105D.080,[13] and that they had incurred reasonably necessary attorneys'

---

[9]*Id.*

[10]*Id.*

[11]*Id.* ("Although the damages recoverable under the MTCA might not exceed the damages recoverable under CERCLA, a question on which we express no opinion, attorney fees are recoverable under the MTCA.").

[12]*Id.*

[13]Case Number C88-217TB, Certification to the Supreme Court of Washington. RCW 70.105D.080 provides in pertinent part:

"Except as provided in RCW 70.105D.040(4)(d), a person may bring a private right of action, including a claim for contribution or for declaratory relief, against any other person liable under RCW 70.105D.040 for the recovery of remedial action costs. . . . Recovery shall be based on such equitable factors as the court determines are appropriate. Remedial action costs shall include reasonable attorneys' fees and expenses. . . . An action under this section may be brought after remedial action costs are incurred but must be brought within three years from the date remedial action confirms cleanup standards are met or within one year of May 12, 1993, whichever is later. *The prevailing party in such an action shall recover its reasonable attorneys' fees and costs.* This section applies to all causes of action regardless of when the cause of action may have arisen. To the extent a cause of action has arisen prior to May 12, 1993, this sec-

fees, costs of suit under RCW 4.84.010,[14] and other reasonably necessary expenses of litigation including:

(1) Expert witness fees; (2) all deposition costs; (3) long distance telephone calls and telefax charges; (4) photocopying charges (including copy machine rental); (5) out of town travel costs of lawyers, lawyers' staff and witnesses; (6) out of town lodging expenses (including meals) for lawyers, lawyers' staff and witnesses; (7) computerized legal research; (8) mediator fees and expenses; (9) office, office furniture and equipment rentals, and the cost of supplies and equipment incurred specifically for this litigation; (10) postage, including overnight delivery and messenger charges; (11) automobile and mileage allowances, including out of town parking; (12) exhibit preparation costs (film development, photographic production and enlargement, etc.); (13) cost of paralegal and clerical assistance obtained from outside firms, and not recoverable as attorneys' fees; and (14) cost of other paralegal and clerical assistance not otherwise recoverable as attorneys' fees.[15]

---

tion applies retroactively, but in all other respects it applies prospectively." (Emphasis added).

[14]RCW 4.84.010 provides in pertinent part:

"The measure and mode of compensation of attorneys and counselors, shall be left to the agreement, expressed or implied, of the parties, but *there shall be allowed to the prevailing party upon the judgment certain sums by way of indemnity for the prevailing party's expenses in the action, which allowances are termed costs, including,* in addition to costs otherwise authorized by law, *the following expenses*:

"(1) *Filing fees*;

"(2) *Fees for the service of process* . . . .

"(3) *Fees for service by publication*;

"(4) *Notary fees* . . . .

"(5) *Reasonable expenses*, exclusive of attorneys' fees, *incurred in obtaining reports and records, which are admitted into evidence at trial or in mandatory arbitration in superior or district court*, including but not limited to *medical records, tax records, personnel records, insurance reports, employment and wage records, police reports, school records, bank records, and legal files*;

"(6) *Statutory attorney and witness fees; and*

"(7) To the extent that the court or arbitrator finds that it was necessary to achieve the successful result, the reasonable expense of the transcription of depositions used at trial or at the mandatory arbitration hearing[ ] . . . ." (Emphasis added).

[15]Certification to the Supreme Court of Washington at 2.

## DISCUSSION

Plaintiffs contend they should be fully reimbursed under case law, the language of the MTCA, the court's interpretation of "reasonable attorneys' fees and costs" in contract law, the legislative policies expressed throughout the MTCA, and public policy considerations. Defendants contend the statute refers to expenses and costs in two distinct provisions that serve entirely different purposes which limit the potential recovery sought by Plaintiffs, that the MTCA provides no guidance concerning the proper scope of expanded cost recovery, and that the statute thus should be interpreted narrowly.

### WASHINGTON CASE LAW

Plaintiffs contend the current confusion in Washington over recoverable costs arises in part from the trend away from the American rule on attorneys' fees and costs.[16] They cite *Wagner v. Foote* for the statement that "*[t]he American rule states fees and expenses are not recoverable absent specific statutory authority, contractual provision, or recognized grounds in equity.*"[17]

According to Plaintiffs, the Legislature has contributed to the confusion by inconsistency in its use of words.[18] Plaintiffs also assert that the greatest confusion has resulted from civil rights cases under RCW Chapter 49.60.

In *Shannon v. Pay 'N Save Corp.*[19] this court upheld the trial court's denial of certain litigation expenses. However, two years later in *Blair v. Washington State University,* after surveying federal cases, we adopted the federal rule allowing more liberal recovery of costs "in order to fur-

---

[16]Pls.' Br. at 12.

[17]*Wagner v. Foote,* 128 Wn.2d 408, 416, 908 P.2d 884 (1996) (citations omitted) (emphasis added).

[18]Pls.' Br. at 13-14 (citing RCW 7.25.020; RCW 7.52.480; RCW 8.25.070; RCW 11.24.050; RCW 21.20.430; RCW 42.17.340; RCW 42.17.400).

[19]104 Wn.2d 722, 709 P.2d 799 (1985).

ther the policies underlying these civil rights statutes."[20] These cases suggest a shift by this court at least in civil rights cases.

Plaintiffs assert that Washington courts have consistently authorized recovery of litigation expenses when a statute has referred to both "costs" and "expenses."[21] To support this proposition they cite *In re Statler's Estate*[22] and *Puget Sound Plywood, Inc. v. Mester.*[23] Plaintiffs argue that, as allowed in those cases, the MTCA similarly provides explicitly for recovery of both "costs" and "expenses"[24] and that this case easily meets the standard of a statute which allows expanded cost recovery.[25]

According to Defendant, Plaintiffs erroneously rely on *In re Statler's Estate* and *Puget Sound Plywood, Inc. v. Mester* because the phrases being interpreted were substantially different from those contained in RCW 70.105D.080.[26] In *In re Statler's Estate* the phrase interpreted included "costs and expenses," while in *Puget Sound Plywood* the phrase interpreted was "loss, cost or expense, including attorney fees." Defendant contends RCW 70.105D.080 uses the phrases in separate and distinct statutory provisions, unlike the phrases interpreted in *In re Statler's Estate* and *Puget Sound Plywood.*[27] Defendant argues that the portion of the statute pertaining to expenses does not apply because Plaintiffs are seeking expenses incurred solely in the litigation of a private

---

[20]108 Wn.2d 558, 573, 740 P.2d 1379 (1987).

[21]Pls.' Br. at 19.

[22]58 Wash. 199, 108 P. 433 (1910).

[23]86 Wn.2d 135, 542 P.2d 756 (1975).

[24]RCW 70.105D.080 provides in pertinent part: "Remedial action costs shall include reasonable attorneys' fees and expenses. . . . The prevailing party in such an action shall recover its reasonable attorneys' fees and costs."

[25]Pls.' Br. at 20.

[26]Asarco's Br. in Opposition to Award of Expanded Litigation Expenses Under RCW 70.105D.080 (Asarco's Br.) at 14-15.

[27]*Id.*

cost recovery action. According to Defendant, this limits Plaintiffs to "costs" in the prevailing party provision.[28] Defendant also states it is unclear whether *In re Statler's Estate* and *Puget Sound Plywood* are good law because those cases were decided prior to our 1994 decision in *Hume v. American Disposal Co.*[29]

In *Puget Sound Plywood* this court interpreted former RCW 60.04.210(7) which provided in pertinent part "Any potential lien claimant shall be liable for any loss, cost or expense including reasonable attorney fees . . . ." That statute was repealed in 1992[30] and replaced by RCW 60.04.221, which uses essentially the same language but adds "and statutory costs" after "reasonable attorney fees."[31]

In *Hume* the court stated that, absent a statute expressly allowing expanded cost recovery, the plaintiffs are not entitled to such generous cost awards. The court cited *Nordstrom, Inc. v. Tampourlos* as an example of disallowing extended costs in a Consumer Protection Act case.[32] The Consumer Protection Act statute provides that a party may "recover the actual damages sustained . . . [and recover] the costs of the suit, including a reasonable attorney's fee."[33]

Defendant cites *Hume* for the proposition that expanded cost recovery is not favored in Washington and that civil rights cases are the exception.[34] In distinguishing the Washington Law Against Discrimination[35] from the MTCA, Defendant points to the portion of the statute

---

[28]Asarco's Br. at 23-24.

[29]124 Wn.2d 656, 880 P.2d 988 (1994), *cert. denied,* 115 S. Ct. 905, 130 L. Ed. 2d 788 (1995).

[30]Repealed June 1, 1992, by Laws 1991, ch. 281, § 31.

[31]RCW 60.04.221(8).

[32]107 Wn.2d 735, 743, 733 P.2d 208 (1987).

[33]RCW 19.86.090.

[34]Asarco's Br. at 3, 11-12.

[35]RCW 49.60.

which states that successful civil rights litigants may recover actual damages together with the cost of suit, including reasonable attorneys' fees or "any other appropriate remedy authorized by this chapter or the United States Civil Rights Act of 1964 as amended . . . ."[36]

### INTERPRETATION OF THE MODEL TOXICS CONTROL ACT

Plaintiffs contend the Legislature intended broader recovery under the MTCA than allowed under RCW 4.84.010.[37] They argue the Legislature could have remained silent on costs and expenses, leaving prevailing parties with only those costs provided under RCW 4.84.010. They also state the MTCA refers to "costs" and "expenses" and that allowing costs only as provided by RCW 4.84.010 ignores part of the statute. Plaintiffs argue that, absent a statute or contractual right to additional recovery, the Legislature provided the prevailing party only the narrow costs authorized by RCW 4.84.010.[38] They contend that RCW 4.84.010 does not place a limit on the amount a party can recover.

Defendant argues that, unlike other statutes authorizing expanded cost recovery, the MTCA does not provide any guidance concerning the specific categories of litigation expenses which may be compensated.[39] Defendant argues that this court should not award expanded litigation costs unless the Legislature specifically authorizes such recovery and specifies the proper scope of that recovery.[40] This is not an accurate observation. The Washington Law Against Discrimination does not contain

---

[36]RCW 49.60.030(2).

[37]Pls.' Br. at 21 (citing, for example, *Boeing Co. v. Sierracin Corp.*, 108 Wn.2d 38, 66, 738 P.2d 665 (1987)).

[38]Pls.' Br. at 22.

[39]Asarco's Br. at 6.

[40]*Id.* at 6-7.

any specific language authorizing expanded recovery, nor does it specify the proper scope of recovery.[41]

Plaintiffs contend the MTCA provides recovery for prevailing parties for their "reasonable . . . expenses" and "reasonable . . . costs." This is in addition to reasonable attorneys' fees. Because the trial court is required to determine what constitutes *reasonable attorneys' fees*, Plaintiffs contend the court is equally capable of determining what constitutes *reasonable expenses and costs*.[42] The costs in contention in this case were incurred throughout the litigation and were passed directly to the Plaintiffs who paid in full.[43]

In considering the plain meaning of this statute, Defendant divides section 70.105D.080 into two distinct parts. The first part refers to attorneys' fees and expenses incurred as part of the remedial action. The second part is the prevailing party provision which allows parties to recover attorneys' fees and costs incurred in the litigation of a private cost recovery action.[44]

Defendant argues that the MTCA's remedial action provision does not apply in this case because the expenses at issue are litigation expenses and not remedial action costs. Defendant refers to the definition portion of the statute to support its claim that Plaintiffs' action is not remedial.[45] It contends if Plaintiffs' litigation expenses are recoverable, they would be limited to the MTCA's prevailing party provision as indicated by the Certification Order of the District Court.[46]

Plaintiffs contend the 1993 amendment to RCW 70.105D, allowing a private right of action, broadened the "remedi-

---

[41]RCW 49.60.030(2).

[42]Pls.' Reply Br. at 21.

[43]*Id.* at 22.

[44]Asarco's Br. at 17.

[45]*Id.* at 5, referring to the definitions in RCW 70.105D.020.

[46]Asarco's Br. at 5-6.

al action" definition by providing "attorneys' costs and expenses."[47] They cite *Tollycraft Yachts Corp. v. McCoy* in support of that conclusion.[48] Plaintiffs further contend that traditional statutory interpretation does not allow for part of a statute to be ignored or rendered superfluous.[49]

In interpreting RCW 70.105D.080, Defendant divides the text further into three parts: (1) it establishes a private right of action to recover "remedial action costs;" (2) it confirms that "remedial action costs" are those incurred in an actual cleanup; and (3) it establishes a "statute of limitations" and provides for recovery of "reasonable attorneys' fees and costs" to the prevailing party in an action brought under the statute.[50]

To support its interpretation of the statute, Defendant uses part of a statement by an unidentified House Staff Counsel at a March 18, 1993 hearing of the House Environmental Affairs Committee:[51]

> House Staff, Legal Counsel, State House of Representatives ("House Staff"): Thank you, Madam Chair. Senate Bill 5404 is nearly identical to House Bill 1597 which this committee considered earlier in the session. This deals with the ability of a party who initiates a cleanup under the Model Toxics Control Act to initiate a lawsuit to recover the costs of other entities who are also responsible for those cleanup costs. Because of a Supreme Court decision last summer, right now it's either not possible or unclear whether one can recover from those other individuals their proportionate share of the costs, and this bill would reinstate that right of action. There is one difference, actually a couple, one very minor and then one additional sentence in this bill compared to the House

---

[47]Pls.' Reply Br. in Support of Award of Litigation Expenses under RCW 70.105D.080 at 6.

[48]122 Wn.2d 426, 438, 858 P.2d 503 (1993) ("It therefore also satisfies our usual presumption that amendatory language added to an ambiguous statute is designed to work a change in the law.").

[49]Pls.' Reply Br. at 16-17.

[50]Asarco's Br. at 20-21.

[51]*Id.* at 22. Original source document not otherwise identified.

Bill and that's on page 2, line 4. The sentence which starts "the prevailing party in such an action shall recover its attorneys' fees and costs . . ." is one added element to the Senate Bill to make it very clear that as part of the action the prevailing party, that is, the party that wins the proceeding, can recover their attorneys' fees.

Chairman Rust: How had we said that before?

House Staff: If you look on page 1, line 13, we say remedial action costs shall include attorneys' fees and expenses, and I think the concern here is that there may be two stages in the process; one is where you may need attorneys to do the remedial action, and then you may also need an attorney for the contribution action, the lawsuit. And so the second sentence was added there to make it very clear that if you have to file a lawsuit to obtain your attorneys' fees, or to obtain your remedial action costs, those attorneys' fees can also be recovered.

(Emphasis omitted.)

The brief of *Amicus Curiae* Washington Environmental Council quoted the latter part of that statement as support for its conclusion that the drafters of the statute intended to make a party whole who sustained expense as a result of getting rid of pollution.[52]

The limited legislative history available does not lend itself to a reliable conclusion of "legislative intent" behind this portion of the statute.[53] The quoted statement, however informed its speaker may be, does not measure up to any reasonable definition of legislative history as a basis for determining "legislative intent."

Plaintiffs argue that references to "attorneys' fees and expenses" and "attorneys' fees and costs" serve a single

[52]Br. of *Amicus Curiae* Washington Environmental Council Re Litigation Expenses Awarded to the Prevailing Party Under MTCA at 5.

[53]Research on this portion of the statute did not produce any additional insight into legislative intent. The only firm conclusion from the legislative history of RCW 70.550D.080 is that the amendment was passed in response to *Bird-Johnson Corp. v. Dana Corp.*, 119 Wn.2d 423, 833 P.2d 375 (1992) and to provide a private right of action.

purpose. They argue that the first reference to attorneys' fees and costs is to remedial action costs, and that the second reference to attorneys' fees and costs is to fees and costs allowed to prevailing parties.[54] They assert that the statute must be read as a whole.

Both parties refer to historical principles of statutory interpretation. In particular, Plaintiffs state that courts are required to give effect to every word, clause and sentence;[55] that the courts must not adopt an interpretation of a statute that would render a portion of it meaningless;[56] and that a statute must be read as a whole, giving effect to all the language used.[57] Defendant also states similar propositions.[58]

▮▮▮ When interpreting a statute, this court has looked first to the ordinary meaning of the words used by the Legislature.[59] The plain meaning of the statute controls if the language is unambiguous.[60] Under the plain meaning of RCW 70.105D.080, the statute provides for a private right of action for recovery of *remedial action costs*. Remedial action costs shall be based upon such equitable factors as the court determines are appropriate. This shall include *reasonable attorneys' fees and expenses*. This action may be brought after remedial action costs are incurred within three years or within one year of May 12, 1993, whichever is later. The prevailing party shall recover reasonable attorney fees and costs.

---

[54]Pls.' Reply Br. at 5-6.

[55]Citing *Cox v. Helenius,* 103 Wn.2d 383, 387, 693 P.2d 683 (1985); *Western Petroleum Importers v. Friedt,* 127 Wn.2d 420, 899 P.2d 792 (1995).

[56]Citing *Price v. Kitsap Transit,* 125 Wn.2d 456, 468, 886 P.2d 556 (1994).

[57]Citing *State v. Young,* 125 Wn.2d 688, 696, 888 P.2d 142 (1995).

[58]Citing *Gilbert H. Moen Co. v. Island Steel Erectors, Inc.* 128 Wn.2d 745, 912 P.2d 472 (1996); *Wright v. Engum,* 124 Wn.2d 343, 878 P.2d 1198 (1994).

[59]*Anderson v. Seattle,* 123 Wn.2d 847, 851, 873 P.2d 489 (1994) (citation omitted).

[60]*Id.*

*INTERPRETATION OF "REASONABLE ATTORNEYS' FEES AND COSTS"
IN CONTRACT LAW*

Plaintiffs contend that Washington courts have uniformly interpreted "reasonable attorneys' fees and costs" to include full recovery of the prevailing party's litigation expenses in contract law.[61] They argue that because the Legislature is presumed to know the status of decisional law, it used the same phrase in statutes providing full recovery of litigation expenses under the MTCA.[62] Plaintiffs further contend that to limit the MTCA to costs authorized by RCW 4.84.010 would give different meanings to identical phrases in contracts and statutes.

Defendant concedes that when "parties to a contract use the term 'costs' . . . it is not unreasonable to assume that they are referring to out-of-pocket costs of litigation," but discounts the usefulness of contract law in interpreting RCW 70.105D.080.[63] It cites *Erickson v. Green*,[64] which states that "[p]arties who execute contracts frequently do not understand the technical or professional meaning of the words employed, and if the court can gather from the whole contract the real intention of the parties, such intention will govern . . . ."[65] Defendant argues that following the narrow range of RCW 4.84.010 would not create a distinction between contract law and statutes. It argues that even if such a distinction were created, it would be acceptable because different principles govern

---

[61]Pls.' Br. at 24.

[62]*Id.*

[63]Asarco's Br. at 39.

[64]47 Wash. 613, 92 P. 449 (1907).

[65]*Id.* at 615. The court actually stated: "Parties who execute contracts frequently do not understand the technical or professional meaning of the words employed, and if the court can gather from the whole contract the real intention of the parties, such intention will govern notwithstanding things which are contracted with reference to may be wrongly designated[sic]."

the interpretation of statutes and the interpretation of contracts.[66]

In response, Plaintiffs state that, absent a statutory definition, a term must be accorded its plain and ordinary meaning.[67] That is a generally accepted principle of law.

### LEGISLATIVE POLICIES AND PUBLIC POLICY

Plaintiffs point out that the MTCA is a remedial statute which is "to be liberally construed to effectuate [its] policies and purposes."[68] They argue that because of the cost of this type of litigation, prevailing parties will not be able to prosecute their claims if they cannot recover their costs.[69]

This court has previously recognized certain issues warranting expanded cost recovery to further underlying public policies.[70] The Washington Court of Appeals has also recognized statutory fee awards to ensure that claims are pursued without diminishing the award in whole or in part by legal fees.[71] Plaintiffs argue that this reasoning holds true in this case where the parties will suffer substantial unrecoverable damages if not allowed expanded cost recovery.[72] Plaintiffs also argue that recovery would be an incentive to foster environmental cleanup and discourage protracted and expensive efforts to evade environmental responsibility.

---

[66]Asarco's Br. 37, 38 (citing *Public Util. Dist. No. 1 v. Washington Pub. Power Supply Sys.*, 104 Wn.2d 353, 705 P.2d 1195 (1985)).

[67]Pls.' Reply Br. at 20 (citing *Dennis v. Department of Labor & Indus.*, 109 Wn.2d 467, 479-80, 745 P.2d 1295 (1987) ("As a general rule, where a term is not defined in the statute, the term must be accorded its plain and ordinary meaning unless a contrary intent appears.")).

[68]Pls.' Br. at 25 quoting RCW 70.105D.910 (emphasis omitted).

[69]Pls.' Br. at 25.

[70]*Id.* at 26 citing *Blair v. Washington State Univ.*, 108 Wn.2d 558, 740 P.2d 1379 (1987).

[71]Pls.' Br. at 26 (citing *Absher Constr. Co. v. Kent Sch. Dist. No. 415*, 79 Wn. App. 841, 846, 917 P.2d 1086 (1995)).

[72]Pls.' Br. at 26.

In contrast, Defendant points out that this court denied expanded cost recovery in *Nordstrom, Inc. v. Tampourlos*,[73] despite a similar statement of legislative policy, and that under the American rule plaintiffs are not entitled to expanded recovery unless a statute expressly authorizes it.[74] Defendant argues the overriding public policy here requires that we adhere to the American rule because (1) discarding the American rule might discourage useful litigation by exposing unsuccessful plaintiffs to liability; (2) the American rule has been endorsed because of the time and expense associated with determining what constitutes reasonable attorneys' fees; (3) no person should be penalized for defending or prosecuting a lawsuit; and (4) public policy should be determined by the Legislature.[75]

This argument overlooks the fact that in this statute, RCW 70.105D.080, the Legislature has at least partially accommodated the American rule by providing some recovery to prevailing parties. The statute also provides that when there is a conflict between the MTCA and another act, the provisions of the MTCA shall govern.[76]

## OTHER ISSUES

■ Defendant argues that Plaintiffs should not recover because this case was begun prior to enactment of RCW 70.105D.080, and thus litigation expenses incurred prior to that date could not have been incurred "in such an action" brought under the statute.[77] Defendant asks this court to interpret that part of the statute. What constituztes "in such an action" is beyond the scope of the certi-

---

[73]107 Wn.2d 735, 733 P.2d 208 (1987).

[74]Asarco's Br. at 32.

[75]*Id.* at 35-37 citing *Dempere v. Nelson,* 76 Wn. App. 403, 886 P.2d 219 (1994) *review denied,* 126 Wn.2d 1015 (1995); *Fleischmann Distilling Corp. v. Maier Brewing Co.,* 386 U.S. 714, 87 S. Ct. 1404, 18 L. Ed. 2d 475 (1967); *Bird-Johnson Corp. v. Dana Co.,* 119 Wn.2d 423, 833 P.2d 375 (1992).

[76]RCW 70.105D.910.

[77]Asarco's Br. at 7, 43-48.

fied question. We do not have jurisdiction to go beyond the specific question presented by the Certification Order.[78]

In addition, Defendant contends that because RCW 70.105D.080 does not authorize expanded cost recovery, Defendant is the "prevailing party" on review, and requests the court to award it reasonable attorneys' fees and costs on review.[79] This issue is also beyond the scope of the certified question.[80]

## *SUMMARY AND CONCLUSIONS*

The plain meaning of RCW 70.105D.080, under the Model Toxics Control Act, allows an interpretation that it provides a private right of action for recovery of remedial action costs. Remedial action costs shall be based upon such equitable factors as the court determines are appropriate. This shall include reasonable attorneys' fees and expenses. This action may be brought after remedial action costs are incurred within three years or within one year of May 12, 1993, whichever is later. The prevailing party shall recover its reasonable attorney fees and costs.

We answer the certified question presented by the United States District Court for the Western District of Washington as follows: RCW 70.105D.080 does not limit the award of attorneys' fees and costs to the prevailing party to actual fees of attorneys and RCW 4.84.010 costs, and the court is authorized to additionally award other reasonably necessary expenses of litigation based upon such equitable factors as the court determines are appropriate.

DURHAM, C.J., and DOLLIVER, JOHNSON, and SANDERS, JJ., concur.

SANDERS, J. (concurrence) — I concur fully with the ma-

---

[78]See *Bird-Johnson Corp. v. Dana Corp.* 119 Wn.2d 423, 425 n.1, 833 P.2d 375 (1992); RCW 2.60; RAP 16.16.

[79]Asarco's Br. at 49.

[80]*Bird-Johnson Corp.*, 119 Wn.2d at 425 n.1.

jority opinion written by Justice Smith but write separately to emphasize certain considerations which wholly support the majority's view.

The statutory language here at issue is:

> The prevailing party in such an action shall recover its reasonable attorneys' fees and costs.

RCW 70.105D.080, Majority at 591 n.13.

Much of the majority opinion concerns whether or not "costs" include all reasonable expenses associated with the litigation, or only the more restricted enumeration of "statutory costs" in RCW 4.84.010. I agree with the majority that the term "costs" is not modified by the term "statutory;" the statute must be read to reference "costs" in the literal sense. This would include all reasonable out-of-pocket expenses.

On the other hand, the phrase "reasonable attorneys' fees" in and of itself may support such an award as well.[81] In real life the attorneys' bill to their clients invariably include, and request payment for, all out-of-pocket expenses reasonably attributed to the specific case. Often attorneys have advanced these out-of-pocket expenses on behalf of the client as a matter of practical and legal necessity to ensure the proper presentation of the client's position. In practice attorneys often pay these out-of-pocket expenses before they pay themselves, and consider reimbursement of same even more necessary than payment to themselves for time expended on the client's behalf. Any dichotomy in "reasonable attorneys' fees" between compensation for the attorney's time and reimbursement for the attorney's out-of-pocket expenses (or reim-

---

[81]*See Missouri v. Jenkins*, 491 U.S. 274, 285, 109 S. Ct. 2463, 105 L. Ed. 2d 229 (1989) (holding the term "reasonable attorney's fee" as used in 42 U.S.C. § 1988 "must take into account the work not only of attorneys, but also of secretaries, messengers, librarians, janitors, and others whose labor contributes to the work product for which an attorney bills her client; and it must also take account of other expenses and profit[ ]"); and *see Landals v. George A. Rolfes Co.*, 454 N.W.2d 891, 898 (Iowa 1990) ("The district court properly allowed recovery of various litigation expenses as part of the 'attorney fees.' ").

bursement to the client who has previously paid the out-of-pocket expenses directly) is artificial and illusory.

I can find no logic in the practice which shifts the cost of a reasonable attorney's fee when calculated on an hourly rate or contingency to the losing party, but which does not similarly shift the burden of paying those out-of-pocket expenses necessarily incurred. Were such the rule, prevailing parties who were encouraged to litigate by legislative promises of compensation for "reasonable attorneys' fees" would not be made whole and, in many instances, would not be able to undertake the litigation, much less prosecute it to a successful conclusion. Failure to reimburse expenses would often eat up whatever benefits the litigation might produce and additionally impose a backbreaking burden upon the small, but justified, litigants. This is an access to justice issue which the Legislature has remedied through the statutory right to recover "reasonable attorneys' fees" in types of litigation which the Legislature, as a matter of public policy, has deemed especially worthy. I therefore applaud the majority for taking this necessary step.

MADSEN, J. (dissenting) — I disagree with the majority's ruling that RCW 70.105D.080 allows a prevailing party in a private cost recovery action to recover not only actual attorneys' fees and RCW 4.84.010 costs, but also other reasonable necessary expenses of litigation. The language of RCW 70.105D.080, the legislative history of the statute and Washington case law concerning attorneys' fees and litigation expenses all support the conclusion that expenses of litigation beyond reasonable attorneys' fees and RCW 4.84.010 costs are not recoverable in a private cost recovery action.

Turning first to the language of RCW 70.105D.080, the statute, by its express terms, allows only the prevailing party in a cost recovery action to recover its "reasonable attorneys' fees and costs." Although RCW 70.105D.080 refers to both "costs" and "expenses," the statute uses

these words in separate portions of the statute that serve different purposes. RCW 70.105D.080 provides:

> Except as provided in RCW 70.105D.040(4)(d), a person may bring a private right of action, including a claim for contribution or for declaratory relief, against any other person liable under RCW 70.105D.040 for the recovery of remedial action costs . . . . Recovery shall be based on such equitable factors as the court determines are appropriate. *Remedial action costs shall include reasonable attorneys' fees and expenses.* Recovery of remedial action costs shall be limited to those remedial actions that, when evaluated as a whole, are the substantial equivalent of a department-conducted or department-supervised remedial action. . . . An action under this section may be brought after remedial action costs are incurred but must be brought within three years from the date remedial action confirms cleanup standards are met or within one year of May 12, 1993, whichever is later. *The prevailing party in such an action shall recover its reasonable attorneys' fees and costs.*

(Emphasis added.)

The reference to "attorneys' fees and expenses" and "attorneys' fees and costs" relate to two different aspects of the cost recovery process. Overall, the statute allows a party who initiates a cleanup under the Model Toxics Control Act (MTCA) to bring a cause of action against other responsible parties to recover "remedial action costs" incurred in the cleanup. The first portion of RCW 70.105D.080 provides that "remedial action costs" are those incurred as part of the cleanup process and includes "reasonable attorneys' fees and expenses." The statute recognizes that the costs of cleaning up a site will invariably include costs for attorneys to assure that the cleanup is conducted consistent with all applicable environmental standards. Thus, the attorneys' fees and expenses related to the site cleanup are a part of the overall "remedial action costs" that can be recouped from other parties responsible for the site contamination. The omission of the word "costs" in this context is logical because "costs"

as the word is defined in RCW 4.84.010[82] are incurred only during the litigation process and litigation costs are not incurred as part of the remedial action.

The second part of the statute addresses the litigation process involved in recouping these "remedial action costs" from other responsible parties. The statute provides that if a party prevails in an action against another responsible party then the prevailing party "shall recover its reasonable attorneys' fees and costs." RCW 70.105D.080. Thus, although the statute refers to both "costs" and "expenses" it allows only the prevailing party to recover its attorneys' fees and costs incurred during a cost recovery action.

The legislative history of the statute supports this analysis. House Staff Counsel explained the provisions of RCW 70.105D.080 at a hearing of the House Environmental Affairs Committee. House Staff Counsel explained that Senate Bill 5404, now RCW 70.105D.080, was passed to provide a party who initiates a site cleanup with a cause of action under the MTCA against other responsible parties for the remedial costs incurred during the cleanup process. House Staff Counsel noted:

> [t]here is one difference, actually a couple, one very minor and then one additional sentence in this bill [Senate Bill 5404] compared to the House Bill . . . . The sentence which starts "the prevailing party in such an action shall recover its attorneys' fees and costs . . ." is one added element to the Senate Bill to make it very clear that as part of the action

---

[82]Those costs recoverable pursuant to RCW 4.84.010 include

. "(1) Filing fees;

"(2) Fees for the service of process . . . .

"(3) Fees for service by publication;

"(4) Notary fees . . . .

"(5) Reasonable expenses, exclusive of attorneys' fees, incurred in obtaining reports and records, which are admitted into evidence at trial or in mandatory arbitration in superior or district court . . .

"(6) Statutory attorney and witness fees; and

"(7) To the extent that the court or arbitrator finds that it was necessary to achieve the successful result, the reasonable expense of the transcription of depositions used at trial or at the mandatory arbitration hearing . . . ."

the prevailing party, that is, the party that wins the proceeding, can recover their attorneys' fees.

Majority at 598-99 (quoting Asarco's Br. at 22).

House Staff Counsel went on to explain the relevance of adding that sentence and how it is different from the previous reference to "attorneys' fees and expenses."

remedial action costs shall include attorneys' fees and expenses, and I think the concern here is that there may be two stages in the process; one is where you may need attorneys to do the remedial action, and then you may also need an attorney for the contribution action, the lawsuit. And so the second sentence was added there to make it very clear that if you have to file a lawsuit to obtain your attorneys' fees, or to obtain your remedial action costs, those attorneys' fees can also be recovered.

Majority at 599 (quoting Asarco's Br. at 22).

The legislative history reveals that the recovery of "attorneys' fees and expenses" and "attorneys' fees and costs" relate to different aspects of the cost recovery process, respectively being those costs associated with the remedial action and litigation. The statute should be interpreted to effect these separate and distinct purposes.

Thus, the language of the statute and the statute's legislative history clearly indicate that a prevailing party in a cost recovery action will recover *only* its attorneys' fees and costs incurred pursuant to the action. Contrary to the analysis by the majority, the reference to "expenses" does not relate to the cost recovery action, it only relates to the overall "remedial action costs" incurred pursuant to the site cleanup.

Finally, Washington case law does not support the recovery of expenses beyond attorneys' fees and statutory costs in this case. Washington courts follow the American rule concerning attorneys' fees and litigation expenses which states that "fees and expenses are not recoverable absent specific statutory authority, contractual provision,

or recognized grounds in equity." *Wagner v. Foote*, 128 Wn.2d 408, 416, 908 P.2d 884 (1996). Here the statute provides only for the recovery of "attorneys' fees and costs." This court has narrowly defined the term "costs" to include only those costs provided in RCW 4.84.010. *See Boeing Co. v. Sierracin Corp.*, 108 Wn.2d 38, 66, 738 P.2d 665 (1987) ("[c]osts have been narrowly defined in RCW 4.84.010 as a narrow range of expenses . . . [thus] attorneys should not be able to inflate their cost bill to recover additional fees, and the costs recovered should be strictly limited to those defined in RCW 4.84.010"); *Nordstrom, Inc. v. Tampourlos*, 107 Wn.2d 735, 743, 733 P.2d 208 (1987) (this court refused to award extended costs to successful plaintiffs under the Consumer Protection Act finding that an expanded recovery beyond RCW 4.84.010 was unwarranted).

The majority, however, cites *Blair v. Washington State Univ.*, 108 Wn.2d 558, 740 P.2d 1379 (1987), and acknowledges that this court declined to follow the American rule in that case. However, our decision in *Blair* is distinguishable from the present case and does not signal an intent by this court to retreat from the American rule. *Blair* was a civil rights action and pursuant to RCW 49.60.030(2) an aggrieved party is entitled to "the costs of the suit [including reasonable attorneys' fees] and any other remedy authorized by the United States Civil Rights Act." *Id.* at 572-73. Thus, we found that the costs recoverable were not limited to RCW 4.84.010 and looked to the decisions of the federal courts for guidance. *See id.* at 573. We recognized that other decisions of the court such as *Boeing* and *Nordstrom* narrowly define the term "costs of suit" in other contexts. *Id.* However, we adopted the federal rule allowing for a more liberal recovery of costs by the prevailing party in civil rights litigation "to further the policies underlying these civil rights statutes." *Id.*[83]

Our decision in *Blair*, however, was a limited ruling ap-

---

[83]Since our ruling in *Blair v. Washington State Univ.*, 108 Wn.2d 558, 740 P.2d 1379 (1987), the federal Civil Rights Act has been amended to make

plying only to civil rights cases. Since our ruling in *Blair* we have continued to follow the American rule and have explained that "[c]ivil rights cases stand as an exception to [the] rule." *Hume v. American Disposal Co.*, 124 Wn.2d 656, 674, 880 P.2d 988·(1994) (the court found that the cost award for tort claims based on RCW 49.46.100 is limited to the statutory costs available under RCW 4.84.010), *cert. denied*, 513 U.S. 1112 (1995). Thus, "[a]bsent a statute that expressly allows expanded cost recovery . . . plaintiffs are not entitled to such generous cost awards." *Id.*

The policies underlying civil rights statutes do not exist in a private cost recovery action and, thus, an expanded recovery of additional expenses is not warranted. In civil rights cases this court was concerned, among other things, about making it financially feasible to litigate civil rights violations and to encourage attorneys, by fully compensating them, to take these cases where the litigants are often poor and the judicial remedies are often nonmonetary. *See Blair*, 108 Wn.2d at 573. However, in a Comprehensive Environmental Response, Compensation, and Liability Act (CERCLA) action there is no concern about parties not filing a cost recovery claim because it is in their own interest to recover the costs of the remedial action from other responsible parties. The majority of these persons have been ordered to clean up a contaminated site, and, unlike a civil rights action, are seeking purely monetary awards. Moreover, unlike the federal authority interpreting the United States Civil Rights Act, the federal case law interpreting CERCLA indicates that the intent of the federal statute was not to make parties who are required to clean up a contaminated site whole when they seek to recover remedial costs. In fact, unlike the MTCA, the federal statute does not allow a party prevailing in a cost

---

expanded costs available. *See* Pub. L. No. 102-166, Title I, §§ 107(b), 112, 113(b), 105 Stat. 1075, 1078, 1079 (codified at 42 U.S.C. § 2000e-5(k) (1994)); *see also Xieng v. Peoples Nat'l Bank*, 120 Wn.2d 512, 528, 844 P.2d 389 (1993) (the court found that expert witness fees were recoverable under RCW 49.60.030(2) because they are explicitly " 'authorized by . . . [§ 2000e-5(k) of] the United States Civil Rights Act of 1964" (alteration in original) as amended by the Civil Rights Act of 1991).

recovery action to recover attorneys' fees or costs. *See Key Tronic Corp. v. United States*, 511 U.S. 809, 114 S. Ct. 1960, 1967, 128 L. Ed. 2d 797 (1994) ("CERCLA § 107 does not provide for the award of private litigants' attorney's fees associated with bringing a cost recovery action").

For these reasons I respectfully dissent, finding that an award of additional expenses beyond attorneys' fees and RCW 4.84.010 costs is not warranted in a private cost recovery action.

GUY and ALEXANDER, JJ., concur with MADSEN, J.