**NOTICE:   SLIP OPINION**
**(not the court's final written decision)**


The opinion that begins on the next page is a slip opinion.  Slip opinions are the written opinions that are originally filed by the court.

A slip opinion is not necessarily the court's final written decision.  Slip opinions can be changed by subsequent court orders.  For example, a court may issue an order making substantive changes to a slip opinion or publishing for precedential purposes a previously "unpublished" opinion.  Additionally, nonsubstantive edits (for style, grammar, citation, format, punctuation, etc.) are made before the opinions that have precedential value are published in the official reports of court decisions: the Washington Reports 2d and the Washington Appellate Reports.  An opinion in the official reports replaces the slip opinion as the official opinion of the court.

**The slip opinion that begins on the next page is for a published opinion, and it has since been revised for publication in the printed official reports.**  The official text of the court's opinion is found in the advance sheets and the bound volumes of the official reports.  Also, an electronic version (intended to mirror the language found in the official reports) of the revised opinion can be found, free of charge, at this website: https://www.lexisnexis.com/clients/wareports.

For more information about precedential (published) opinions, nonprecedential (unpublished) opinions, slip opinions, and the official reports, see https://www.courts.wa.gov/opinions and the information that is linked there.

For the current opinion, go to https://www.lexisnexis.com/clients/wareports/.

# IN THE COURT OF APPEALS OF THE STATE OF WASHINGTON

## DIVISION II

| | |
|---|---|
| MARK S. LANGHORST, | No. 56095-0-II |
| Appellant, | |
| v. | |
| WASHIGNTON STATE DEPARTMENT OF LABOR AND INDUSTRIES, | PUBLISHED OPINION |
| Respondent. | |

VELJACIC, J. — Mark Langhorst appeals the superior court's decision affirming the Board of Industrial Insurance Appeal's (BIIA) decision. The BIIA had affirmed the Department of Labor and Industries' (Department) order denying Langhorst's application to reopen his claim for industrial injury. Langhorst argues that his reopening application should be deemed granted as a matter of law because the Department, after his motion for reconsideration, did not issue a final order regarding his application until 255 days after it was submitted, which he asserts violates RCW 51.52.060.[1]

There is no "deemed granted" remedy in RCW 51.52.060, and Langhorst's proposed statutory interpretation requires going beyond the plain meaning to add language not present in the statute. Therefore, we affirm the superior court's decision to affirm the BIIA's order, which denied Langhorst's reopening application.

---

[1] RCW 51.52.060, among other things, sets timelines for the Department to render a final order, decision, or award after an appeal.

56095-0-II

FACTS

The facts underlying this appeal are not in dispute. On May 31, 2012, the Department issued an order allowing Langhorst's claim for an industrial injury that occurred on January 26, 2012. Langhorst's claim was subsequently closed on November 4, 2014. Langhorst applied to reopen his claim on April 9, 2019. On June 13, 65 days after Langhorst filed his application, the Department denied the application because "[t]he medical record show[ed] the conditions caused by the injury have not worsened since the final claim closure." Clerk's Papers (CP) at 44.

Langhorst requested reconsideration on June 18, seeking Department review of the June 13 order. In his handwritten protest, Langhorst stated he wanted to seek a second opinion about his medical condition aside from that of the provider he had relied on in his application to reopen. On June 27, in response to Langhorst's protest, the Department issued another order, stating that it was reconsidering its June 13 denial. On September 30, the Department sent a letter to Langhorst informing him it was scheduling an independent medical examination to address his reopening application. On December 19, the Department, after reconsideration, affirmed the denial of Langhorst's application. This was 184 days after the June 18 protest, and a total of 255 days from the date of the application to reopen.

Langhorst appealed to the BIIA, which affirmed the Department's denial. In its order, the BIIA noted that "[t]he critical undisputed fact in this appeal is the Department issued a timely order denying Mr. Langhorst's application to reopen his claim under RCW 51.32.160(1)(d)." CP at 3.

56095-0-II

The Board reasoned, "If, as here, a party has protested an order in which the Department denied reopening issued under RCW 51.32.160, the Department has fulfilled its obligation under RCW 51.52.060(4)(b)(ii)[2] and can reconsider its decision." CP at 3. Thus the application was not deemed granted.

Langhorst then appealed the BIIA's order to superior court, asserting that the court should reverse the Department's order denying his reopening application and remand to the Department to conclude that Langhorst's April 9, 2019 reopening application is deemed granted. Langhorst's basis for this argument was that the statutory remedy in RCW 51.32.160 of a deemed granted reopening application applied to his application because the remedy was incorporated by reference into RCW 51.52.060. In other words, Langhorst argued that he should be entitled to the same remedy for the Department's "late" response to his motion for reconsideration, as he would be entitled to for a late response to an application to reopen.

At the hearing, the court noted that it "would be rewriting or adding to the statute if it were to say that there is a 'deemed granted' provision in [RCW] 51.52.060." Report of Proceedings at 26. The superior court affirmed the BIIA, concluding that "Mr. Langhorst's application to reopen his claim filed on April 9, 2019, is not deemed granted under RCW 51.32.160, RCW 51.52.050, or RCW 51.52.060." CP at 81.

Langhorst appeals the superior court order.

---

[2] RCW 51.52.060(4)(b)(ii) provides that the Department, within 30 days after receiving a notice of appeal, may, "[h]old an order, decision, or award issued under RCW 51.32.160 in abeyance for a period not to exceed ninety days from the date of receipt of an application under RCW 51.32.160. The department may extend the ninety-day time period for an additional sixty days for good cause."

3

56095-0-II

ANALYSIS

Langhorst argues that his reopening application should be granted by operation of law because the Department did not issue a final order denying the application until 255 days after its receipt by the Department. Specifically, Langhorst argues that RCW 51.52.060 should be interpreted to require that the Department issue a final order within 150 days (90 days plus 60 additional days for good cause) of the Department's receipt of a reopening application or be deemed granted. We disagree.

## I.  REOPENING A WORKERS' COMPENSATION CLAIM

### A.  Standard of Review

In an industrial insurance case, the superior court reviews the issues de novo and only considers evidence and testimony included in the certified Board record. RCW 51.52.115; *Spohn v. Dep't of Lab. & Indus.*, 20 Wn. App. 2d 373, 378, 499 P.3d 989 (2021). On appeal, we review the superior court's decision and order, not the BIIA's decision and order. *Spohn*, 20 Wn. App. 2d at 378; *see also* RCW 51.52.140. The rules governing civil appeals apply equally to the superior court's order. *Spohn*, 20 Wn. App. 2d at 378; RCW 51.52.140.

### B.  Legal Principles

RCW 51.52.050 provides procedural remedies for those aggrieved by a decision of the BIIA. That statute reads, in relevant part: "Whenever the department has taken any action or made

4

any decision relating to any phase of the administration of this title the . . . person aggrieved thereby may *request reconsideration of the department*, or *may appeal to the [BIIA]*." RCW 51.52.050(2)(a) (emphasis added).[3]

The Industrial Insurance Act (IIA) under RCW 51.32.160(1)(d) establishes a worker's right to a speedy adjudication of a reopening application, which is filed after a workers' compensation claim has closed. To reopen a claim, a worker must demonstrate that a condition caused by the injury objectively worsened after the claim was closed. *Hendrickson v. Dep't of Lab. & Indus.*, 2 Wn. App. 2d 343, 353-54, 409 P.3d 1162 (2018). The relevant part of RCW 51.32.160 reads:

> If an order denying an application to reopen filed on or after July 1, 1988, is not issued within ninety days of receipt of such application by the self-insured employer or the department, such application *shall be deemed granted*. However, for good cause, the department may extend the time for making the final determination on the application for an additional sixty days.

RCW 51.32.160(1)(d) (emphasis added).

RCW 51.32.160(1)(d) requires the Department to act on the application within 90 days of receipt, plus an additional 60 days for good cause, for an aggregate total of 150 days. RCW 52.32.160(1)(d). If the Department does not deny the application within that time period, the application is deemed granted. RCW 52.32.160(1)(d). The purpose of this statute "is to protect

---

[3] Both parties to this case point out the inconsistency with which the BIIA has applied RCW 51.52.050 and .060. The two cases highlighting this discrepancy are: *In re Short*, No. 95 4522 (Wash. Bd. of Indus. Ins. Appeals Dec. 20, 17 1996), http://www.biia.wa.gov/SDPDF/954522.pdf, and *In re Brown*, No. 96 4577 (Wash. Bd. of Indus. Ins. Appeals Aug. 20, 1996), http://www.biia.wa.gov/SDPDF/964577.pdf. In *Short*, the BIIA said that the time limitations of RCW 51.52.060 applied to requests for reconsideration in RCW 51.52.050. *Short*, No. 95 4522 at 2-3. In *Brown*, the BIIA made a distinction between the two statutes by holding that: "the provisions of RCW 51.52.060(4) apply only to circumstances in which an abeyance order is issued in response to the filing of an appeal or the Department is acting on its own motion to further investigate the matter" because "[t]he provisions of RCW 51.52.060(4) do not apply when a party has requested the Department to further consider the matter under the authority of RCW 51.52.050." *Brown*, 96 4577 at 1.

5

injured workers from arbitrary and unpredictable bureaucratic delay . . . by establishing a statutory remedy, the automatic granting of an application to re-open, whenever the Department fails to act within the prescribed time period." *Tollycraft Yachts Corp. v. McCoy*, 122 Wn.2d 426, 434, 858 P.2d 503 (1993). As the IIA is remedial in nature, courts liberally construe it in the worker's favor. *Wilber v. Dep't of Lab. & Indus.*, 61 Wn.2d 439, 446, 378 P.2d 684 (1963).

When a worker disagrees with a Department decision, they may file a protest, also known as a request for reconsideration, or they may appeal to the BIIA. RCW 51.52.050(2)(a). A timely request for reconsideration automatically places the Department order in abeyance and obligates the Department to reconsider its decision. *In re Haugen*, No. 91 1687 at 2 (Wash. Bd. of Indus. Ins. Appeals May 28, 1991), http://www.biia.wa.gov/SDPDF/911687.pdf; *Puget Sound Energy, Inc v. Lee*, 149 Wn. App. 866, 888, 205 P.3d 979 (2009) ("[a]lthough the [BIIA's] decisions are not binding on the courts, it is appropriate for us to consider the [BIAA's] interpretation of the laws it is charged with enforcing, in addition to the relevant case law.").

RCW 51.52.060 addresses the authority of the Department to reconsider an order it has issued, as Langhorst requested in this case. This statute constrains the Department's authority to reconsider its decision to deny the application by providing time limitations. *Tollycraft*, 122 Wn.2d at 439 n.8. The relevant part of that statute reads:

> The department, either within the time limited for appeal, or within thirty days after receiving a notice of appeal, may: . . . (ii) Hold an order, decision, or award issued under RCW 51.32.160 in abeyance for a period not to exceed ninety days from the date of receipt of an application under RCW 51.32.160. The department may extend the ninety-day time period for an additional sixty days for good cause.

RCW 51.52.060(4)(b).

6

56095-0-II

II.   LANGHORST'S APPLICATION SHOULD NOT BE DEEMED GRANTED BECAUSE RCW 51.52.060 DOES NOT PROVIDE FOR SUCH A REMEDY

A.   Legal Principles

We review questions of statutory interpretation de novo. *State v. Ervin*, 169 Wn.2d 815, 820, 239 P.3d 354 (2010). The goal of statutory interpretation is to ascertain and give effect to the legislature's intent. *Birgen v. Dep't of Lab. & Indus.*, 186 Wn. App. 851, 857, 347 P.3d 503 (2015). "To determine legislative intent, we first look to the plain language of the statute." *Id*. To decipher the plain language, we look at the meaning of the provisions in question as well as the context of the statute and related statutes. *Id*. The generally accepted principle of law is that absent a statutory definition, a term must be accorded its plain and ordinary meaning. *Louisiana-Pac. Corp. v. Asarco Inc.*, 131 Wn.2d 587, 602, 934 P.2d 685 (1997).

B.   The Plain Language of RCW 51.52.060 Does Not Provide for a "Deemed Granted" Remedy.

Langhorst asks that we interpret RCW 51.52.060 to provide that orders on reconsideration that do not issue within 150 days of a reopening application are "deemed granted." We disagree with Langhorst's approach. Assuming without deciding that RCW51.52.060 applies, it does not contain any language that provides that reconsideration petitions are "deemed granted" in any circumstances. Such a remedy simply does not appear in the statute. *See* RCW 51.52.060. While both parties here recognize, as do we, that there is no time limit for the Department to rule on a petition for reconsideration, and no remedy for exceeding such a time limit, this is a problem the legislature must remedy. "[W]e cannot rewrite or modify the language of a statute under the guise of statutory interpretation or construction." *Garcia v. Dep't of Soc. & Health Servs.*, 10 Wn. App. 2d 885, 916, 451 P.3d 1107 (2019).

7

Langhorst asserts that the deadline to respond to reopening applications was incorporated into RCW 51.52.060 through the reference to RCW 51.32.160. According to Langhorst, the same deemed granted remedy in RCW 51.32.160 should apply because the statutes run concurrently. But again, as discussed above, to determine legislative intent, we first look to the plain language of the statute. *Birgen*, 186 Wn. App. at 857. In doing so, we do not add words where the legislature has chosen not to include them. *Id*. at 858. Here, there is no explicit deemed granted provision in RCW 51.52.060 and we decline to add one.

Notably, Langhorst discusses the legislature's amendment of RCW 51.52.060 that added the 90 and 150 day time limits, but he ignores that the legislature had the opportunity to add a deemed granted provision at that time as well, but chose not to. *Birgen*, 186 Wn. App. at 858. We decline to adopt Langhorst's interpretation.

A large portion of Langhorst's brief relies on interpreting the legislative intent behind the 1995 amendment to RCW 51.52.060. But where the plain language of the statute is unambiguous, as it is in this case, there is no need not consult legislative history to resolve the nonexistent ambiguity. *State v. Velasquez*, 176 Wn.2d 333, 336, 292 P.3d 92 (2013). Accordingly, Langhorst's review of legislative history is inapplicable. We do not adopt Langhorst's interpretation of RCW 51.52.060 to include a deemed granted remedy.

III.    WRIT OF MANDAMUS

Langhorst argues that the Department's interpretation that RCW 51.52.060 lacks a remedy cannot be the proper interpretation because that would mean a worker has only the writ of mandamus as a remedy, and that remedy is inadequate for violation of a statutory timeline. Langhorst argues that requiring a worker to proceed with a constitutional writ in superior court is imposing a burden on workers inconsistent with the purposes of the IIA. But whether the existing

8

56095-0-II

remedy is adequate or inadequate is immaterial. The lack of a remedy in RCW 51.52.060 is a situation the legislature must resolve if it sees fit.

Whether or not the writ procedure is burdensome on an aggrieved worker does little to dispense with the clear rules of statutory interpretation addressed above, that prevent our addition to the unambiguous language of RCW 51.52.060. Burdensome or not, RCW 51.52.060 lacks a remedy provision; certainly, it lacks a "deemed granted" provision.

## CONCLUSION

We affirm the superior court's decision to affirm the BIIA's order denying Langhorst's reopening application.

_____
Veljacic, J.

We concur:

_____
Maxa, P.J.

_____
Worswick, J.P.T.

9